BOWMASTER *v.* WILLIAM H. DePREE CO.

1. MOTOR VEHICLES—NEGLIGENCE.
   It is duty of automobile driver to observe vehicles on road ahead of him, and keep his car under control.

2. SAME—DUTY TO USE CARE IN PASSING.
   When automobile driver saw truck standing on right side of highway in front of him it was his duty to pass at safe distance to left (1 Comp. Laws 1929, § 4706).

3. SAME—DUTY TO STOP WITHIN RANGE OF VISION.
   Automobile driver, who, on snowy, windy day, drove his car at greater speed than permitted him to bring it to stop within

---

Duty of operator of automobile as to keeping car under control, see annotation in 1 L. R. A. (N. S.) 227; 28 A. L. R. 952.

assured clear distance ahead, in violation of 1 Comp. Laws 1929, § 4697, resulting in collision with truck standing on right side of road, was guilty of negligence as matter of law.

4. SAME—"PARKING" ON PAVEMENT.

Automobile driver confronted on snowy, windy day with truck headed toward him on wrong side of road, who stopped and got out to investigate, was not "parking" within meaning of statute prohibiting parking on pavement.

5. SAME—DUTY TO STOP.

It was duty of automobile driver to stop when he saw truck facing him standing on wrong side of highway, and he had no right to proceed until road on left was clearly visible and free from on-coming traffic (1 Comp. Laws 1929, § 4707).

6. SAME—DRIVER STOPPING TO INVESTIGATE ACCIDENT NOT GUILTY OF NEGLIGENCE.

Automobile driver, who, on snowy, windy day saw truck facing him standing on wrong side of highway, and who stopped to investigate, was not guilty of negligence in getting out of his car and speaking to truck driver, in absence of showing that he was prompted by anything except care for his own safety and purpose of ascertaining if he could render assistance to car in ditch.

7. TRIAL—ARGUMENTATIVE CHARGE—APPEAL AND ERROR.

Argumentative charge of court instructing jury that automobile driver may not stop and get out and leave his car on highway except to load or unload or for purpose of repairing it, was erroneous.

8. SAME—REQUESTS TO CHARGE.

Refusal to give or cover requests correctly stating rule of law applicable to right of automobile driver to stop on pavement and investigate when right side of road is blocked, was error.

9. SAME—BURDEN OF PROOF—REPETITION OF CHARGE.

In action for death of plaintiff's decedent as result of automobile accident, charging jury 17 times that burden was on plaintiff to show that decedent was free from contributory negligence was wholly unnecessary.

10. EVIDENCE—WITNESSES—USE OF DIAGRAM.

Where defendant's attorney was permitted to examine witness by use of diagram in reference to automobile accident, plaintiff should have been permitted to do likewise.

11. WITNESSES—RULES AS TO EXAMINATION.
  Same rule in relation to examination of witnesses applies to both plaintiff and defendant.

Case-made from Ottawa; Brown (William B.), J., presiding. Submitted October 9, 1930. (Docket No. 55, Calendar No. 35,032.) Decided December 2, 1930. Rehearing denied February 27, 1931.

Case by Benjamin H. Bowmaster, administrator of the estate of Arthur R. Bowmaster, deceased, against William H. DePree Company, a Michigan corporation, John H. DePree, and Peter H. Van Ark for personal injuries resulting in death of plaintiff's decedent. From judgment for defendants, plaintiff brings case-made. Reversed and remanded.

*Clare E. Hoffman* and *Carl E. Hoffman* (*Leo W. Hoffman,* of counsel), for plaintiff.

*Diekema, Kollen & Ten Cate,* for defendants William H. DePree Company and John H. DePree.

*Linsey, Shivel & Phelps* and *Lokker & Den Herder* (*John H. Vander Wal,* of counsel), for defendant Van Ark.

POTTER, J.   Plaintiff, administrator of the estate of Arthur R. Bowmaster, deceased, brought suit against defendants to recover damages for injuries to plaintiff's decedent which resulted in his death. There was a directed verdict for defendants William H. DePree Company and John H. DePree, and a verdict by the jury in favor of defendant Van Ark. Plaintiff is here on case-made after judgment.

December 20, 1928, was cold and blustery. Snow was falling to some extent and the high wind swirled

it about so that sometimes clouds of snow temporarily obscured one's vision, and at other times one could see plainly. The paved highway at the place where plaintiff's decedent was injured was covered with ice and for a considerable distance either way from that point the pavement was covered with ice, and in others it was practically bare. The defendant John H. DePree was driving a truck belonging to defendant William H. DePree Company easterly on the trunk line highway between Zeeland and Hudsonville, when, near the point where plaintiff's decedent was subsequently injured, he discovered an automobile had slid off the pavement on the right-hand side of the road and was unable to get back on the traveled portion of the highway. The driver of the stalled automobile signaled defendant DePree, and he drove on easterly, turned around at an intersection and came back and stopped his truck on the north side of the highway, sent his helper across the traveled portion of the road to the automobile, and then crossed the highway with his truck heading westerly, and stopped on the south part of the paved portion of the road with the lights of the truck turned on, got out a block and tackle and was about to pull out the automobile which had slid off the highway. Decedent and his sister were traveling easterly on the same highway with a truck, and, seeing the truck of defendant DePree headed toward them on the wrong side of the highway with the lights on, and perhaps seeing the automobile off the traveled portion of the highway, decedent stopped his truck in front of that of defendant DePree. Plaintiff's decedent did not have lights upon his truck. The truck of the decedent was within about 15 feet of that of DePree when he stopped. Plaintiff's decedent got out, spoke to DePree, and DePree

then climbed in the cab of his truck and was about to pull out the stalled automobile, and plaintiff's decedent started back toward his truck. Defendant Van Ark was driving eastward, and his automobile struck decedent, or possibly decedent was struck by his own truck put in motion by being struck by defendant Van Ark's automobile. Defendant Van Ark says that, because of the swirling snow obscuring his vision somewhat, he slowed down to 15 miles an hour, when he saw the road obstructed ahead of him, and that he swung to the left and applied his brakes, and as he did so his car swung around and hit the truck of the plaintiff's decedent, thus causing the injury. Defendant DePree says Van Ark's automobile struck decedent's truck with sufficient force to knock it ahead 15 feet. DePree did not see decedent's truck or what struck him. He was sitting in the cab of his truck at that time. He does say he saw plaintiff's decedent immediately after he was struck, while he was in the air, and before he struck the pavement, with his arms and legs outstretched, that he was hit with sufficient force to knock him off the ground, and he was thrown practically in front of the truck of DePree, possibly 12 or 15 feet.

Plaintiff's decedent was accompanied on this trip by his sister, who had been riding in the truck cab with him and who remained in the cab. From her testimony it is evident plaintiff's decedent was struck while on the roadway and thrown a considerable distance. At the conclusion of plaintiff's testimony the trial court directed a verdict of no cause of action in favor of defendants DePree, and submitted the case to the jury as to the negligence of the defendant Van Ark and the contributory negligence of plaintiff's decedent.

It is the duty of the driver of an automobile to observe vehicles on the road ahead of him.

"He must keep his car under control, and operate it with care so that he will not run into vehicles ahead of him, which duty may require him to reduce his speed where his vision is in any way interfered with." 42 C. J. p. 949.

"It is the duty of the operator of an automobile to keep his car under reasonable control, so that he may avoid collisions with, and injury to, other users of the highway who are themselves exercising reasonable care. Performance of this duty requires that the speed of the car shall at all times be reasonable and a rate of speed may properly be regarded as negligent if a person of ordinary prudence and intelligence ought, by the exercise of such intelligence, to have foreseen that an injury might result from such rate of speed. The duty of control exists irrespective of any governmental regulations." 42 C. J. p. 920.

"The driver is chargeable with knowledge of all that a prudent and vigilant operator would have seen, and is, accordingly, chargeable with negligence if he fails to discover a vehicle which or a traveler whom he would have discovered in time to avoid the injury if reasonable care in keeping a lookout had been exercised." 42 C. J. p. 911.

"An automobile driver is required, in the exercise of reasonable care, to use a high degree of caution where existing conditions interfere with his vision ahead of his car." 42 C. J. p. 912.

"The duty to keep an automobile under control involves the element of ability to stop promptly within a reasonable distance. This duty does not extend so far as to require that it must always be possible to bring the car to an immediate stop on the sudden arising of a dangerous situation which the driver could not reasonably have anticipated. Where, however, a situation of danger is present or may reasonably be expected to develop at any time,

or the driver is, for any reason, unable to keep a lookout ahead, reasonable care may require that the automobile be so operated that it can avoid any danger by an immediate stop." 42 C. J. p. 928.

When the defendant Van Ark saw the truck of plaintiff's decedent standing on the right side of the traveled portion of the highway it was his duty to pass a safe distance to the left. Section 4706, 1 Comp. Laws 1929.

"In any action, in any court of this State when it is shown, by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this State, the driver or operator of such first mentioned vehicle shall be deemed *prima facie* guilty of negligence. This act shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator." Section 4788, 1 Comp. Laws 1929.

The testimony does not show with certainty the speed with which defendant Van Ark was driving. He says he slowed down to 15 miles an hour. The testimony of other witnesses says he was going from 25 to 40 miles an hour.

"It is well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it." *Spencer* v. *Taylor*, 219 Mich. 110; *Lett* v. *Summerfield & Hecht*, 239 Mich. 699.

It was not dark. The accident occurred about ten o'clock in the forenoon. It is contended the same rule applies where snow obscured defendant's vision that would obtain if it was dark.

"No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring

it to a stop within the assured clear distance ahead.''
Section 4697, 1 Comp. Laws 1929.

The defendant Van Ark was driving his automobile upon the highway at a speed greater than permitted him to bring it to a stop within the assured clear distance ahead, in violation of the plain provisions of the statute, and we think was guilty of negligence as a matter of law.

Plaintiff's decedent and his sister stopped the truck in which they were riding on the right side of the highway. They were in line with the lights of DePree's truck standing on the wrong side of the highway. Defendant Van Ark, at the time of the accident, says he thought he had come upon a previous accident. Plaintiff's decedent was within his rights in stopping his truck and inquiring of DePree and in going back to his own truck. We see no departure on his part from those rules of care and prudence which should govern the conduct of the drivers of motor vehicles on highways under the circumstances disclosed by the record. Plaintiff's decedent was not parking on the highway. *Sahms* v. *Marcus,* 239 Mich. 682; *McAvon* v. *Brightmoor Transit Co.,* 245 Mich. 44. The court charged the jury in relation to the highway:

"Its use must be in accordance with the purposes for which the road is made. It was not made to stand automobiles on for storage. It was not made to leave a car standing on for convenience to the exclusion of traffic. It was made for traffic and it is only reasonable to stop there when it is necessary to stop on account of something that pertains to the particular automobile, in regard to the traffic of that automobile. As I said, when counsel argues 'Can't a man ever get out of his automobile? Can't he ever stop his automobile and get out?' Certainly, for certain purposes. Not for the purpose of leaving his car standing there on the cement as a con-

venience, but he has a right to get out if his car needs repairing, or for any necessary reason pertaining to the operation of the car upon the highway, but he hasn't a right to stop his car and leave it standing on the public highway of this character for any other reason than loading or unloading or repairing or doing some act incident to the operation of that car successfully as a vehicle over this highway.''

If the parts of the charge above quoted state a correct rule of law, the court was wrong in directing a verdict in favor of defendants DePree. Their truck was standing on the wrong side of the highway, not for the purpose of repair, not for loading or unloading, or for the purpose of doing any other act incident to the operation of their truck successfully as a vehicle on the highway.

''As a traveler has the right to make reasonable use of the highway for examination or repairs of his motor vehicle while traveling, and it is a lawful use of the highway to render assistance thereon to a wrecked or disabled motor vehicle, the operators of other motor vehicles are bound to use reasonable care to avoid injury to persons working on or about vehicles standing in the highway, even though they have placed themselves in a dangerous position.'' 42 C. J. p. 1041.

We do not hold that defendants DePree were guilty of negligence in being on the wrong side of the highway for the purpose of rendering assistance to the motor vehicle which had run off the highway and was unable to get back on, but we do hold the charge of the court clearly indicated the application of one rule to the defendants DePree and another rule to the plaintiff's decedent.

We think it was the duty of plaintiff's decedent to stop when he saw the DePree truck facing him

standing on the wrong side of the highway. He had no right to attempt to pass unless the road was clearly visible on the left side of the highway and when the highway was free from any on-coming traffic. Section 4707, 1 Comp. Laws 1929. It was not negligence for plaintiff's decedent to stop his automobile. It was his duty to do so. Was it, under the circumstances, evidence of negligence that he got out of his cab and spoke to DePree and started to get back in his cab? There was no evidence that he was prompted in stopping by idle curiosity or that he did anything except that which it was apparently his duty to do for his own safety and for the purpose of ascertaining the cause of the accident by which the car had left the highway and possibly for the purpose of ascertaining whether he could render assistance under the circumstances. The charge of the court was argumentative and prejudicial. Plaintiff requested the court to charge the jury as follows:

"In this case, if you find from the evidence that, because the DePree truck had stopped on the south side or to the left of the center of the highway and was headed west with its headlights showing, the deceased, Arthur Bowmaster, was suddenly confronted with this situation and if the ordinary, careful and prudent man would, under like circumstances, have stopped, made an investigation as to whether it was safe for him to proceed, or as to how he should pass, then he was not guilty of negligence, and his right to recover could not be defeated or lost on the ground that he was guilty of negligence which contributed to the injury. * * *

"I further instruct you that, under the circumstances of this case, the truck of the deceased, Arthur Bowmaster was not parked at the time he received his injury and that he was not guilty, as a matter of law, of negligence in stopping his car

to ascertain whether or not he could safely pro-
ceed. * * *

"On this occasion in question, the deceased,
Arthur Bowmaster, if he saw the headlights of the
DePree truck to the left of the center of the pave-
ment, had a right and it was his duty, before pro-
ceeding, to make such investigation as was neces-
sary, to ascertain whether or not that truck was
standing or whether it was coming toward him, and,
if he could not safely determine whether he could
pass to the right or to the left of it until he was
within 25 or 30 feet of it, then he had a right, and
it was his duty, to stop his car until he had learned
how he could safely pass."

We think these requests correctly state the rule
of law applicable to the facts, and they should have
been given or covered. Complaint is made by plain-
tiff that the court charged the jury 17 different times
that the burden was upon the plaintiff to show that
plaintiff's decedent was free from contributory
negligence. This was wholly unnecessary. Com-
plaint is also made that the court unduly restricted
the plaintiff in the examination of witnesses in the
use of a diagram which the witness DePree said
seemed to be drawn to a scale. Defendant's attor-
ney had been permitted to examine the witness by
the use of an improvised diagram, and we think the
same rule should apply to plaintiff. The witness
seemed to understand fully the questions pro-
pounded to him in relation to the plat and was ap-
parently willing to testify. The same rule in rela-
tion to the examination of witnesses ought to apply
to both plaintiff and defendant. Many other errors
are complained of. They are not likely to arise on
another trial. Reversed, with costs, and remanded.

WIEST, C. J., and BUTZEL, CLARK, McDONALD,
SHARPE, NORTH, and FEAD, JJ., concurred.