LEWIN *v.* MOLL.

[No. 14,648. Filed September 21, 1933. Rehearing denied December 20, 1933.]

*Ibach, Gavit, Stinson & Cody, Edward W. Rawlins,* and *C. Ballard Harrison,* for appellant.

*Oscar Haney, Edmund J. Freund, Charles B. Bomberger, Bomberger, Peters & Morthland,* and *Daly & Freund,* for appellee.

SMITH, J.—Appellee brought this action to recover damages for personal injuries sustained by her while riding as a passenger in an automobile driven by her husband, Elias Moll, when a collision occurred with another automobile driven by appellant, Milton Lewin, at the intersection of public highways in the state of Michigan on July 15, 1929.

The complaint was in three paragraphs. The first

sets out the location of the accident; that it occurred at the intersection of U. S. Highway No. 31, which runs north and south, and a gravel highway known as the "Bangor Road," 25 feet wide, running east and west; that there were obstructions at this intersection preventing a full view of U. S. Highway No. 31 to the north, on account of trees and shrubbery located on the northeast corner of said intersection which also obstructed the vision so that the driver of an automobile "approaching said intersection from the north could not see the entrance to the Bangor Road on the east side of said U. S. Highway No. 31 until within 250 feet of said intersection;" that about 6 a. m., July 15, 1929, appellee was riding in a Buick sedan automobile driven by her husband, which approached U. S. Highway No. 31 from the east; that there was a road sign on U. S. Highway No. 31 indicating a crossroad; that on account of the obstructions, appellant could not see the automobile in which appellee was riding until within 250 feet of the intersection; that, under these circumstances, the appellant carelessly and negligently was approaching the intersection from the north at such a high and dangerous rate of speed that when he reached a position on said U. S. Highway No. 31, about 250 or 300 feet north of the intersection, where he could see said automobile in which appellee was riding entering into the intersection from the Bangor Road, he was unable to control the speed, or stop his automobile in time to avoid striking the automobile in which appellee was riding, and negligently and carelessly ran against the automobile in which appellee was riding, completely destroying it, whereby she was injured to her damage in the sum of $25,000.

The second paragraph of complaint charges practically the same state of facts as the first, and further charges that the appellant negligently and carelessly

failed to stop his automobile or reduce the speed of it, or turn it out of the course of the automobile in which appellee was riding, so as to avoid striking her car, but negligently and carelessly drove his car against the same, whereby appellee was thrown therefrom and injured.

The third paragraph of complaint charges the same state of facts as the first and second, and in addition pleads the Michigan law regulating the operating of automobiles; and sets forth the statutes as to restrictions of speed, and reckless driving.

To these paragraphs of complaint, appellant filed answer in two paragraphs: (1) General denial; (2) an amended second paragraph of answer, which sets up certain statutes of the state of Michigan for the establishment of preferential and trunk line highways, and alleges that U. S. Highway No. 31 is such a preferential highway; that the statutes of Michigan provide that one approaching the intersection of a highway gives the person to the right, the right of way; and also, pleads the statutes restricting the speed of automobiles and concerning their right of way upon the highways. This second amended paragraph of answer is rather lengthy, and no good purpose could be served in extending this opinion by copying that paragraph, or the paragraphs of complaint herein.

To the amended second paragraph of answer, appellant filed an answer in general denial which closed the issues. The case was submitted to the court and jury for a trial. On November 3, 1931, the jury returned a verdict for appellee in the sum of $12,048, upon which judgment was rendered.

Appellant seasonably filed his motion for a new trial, which was overruled, and prayed an appeal to this court. The overruling of the motion for new trial is the only error relied upon for reversal.

The questions presented in the motion for new trial, and not waived, are: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (5) overruling of motion for directed verdict at the close of appellee's evidence; (6) error in overruling appellant's motion at the close of all the evidence for a directed verdict; (13) misconduct of a certain juror; (14) error of the court in giving to the jury certain instructions upon its own motion.

Appellee filed her motion in the lower court to strike from the files appellant's motion for new trial, and to expunge from the records the docket and order book entries showing the filing of the motion for new trial. The court overruled appellee's motion, upon which cross-errors are assigned.

In this motion appellee contends that the motion for new trial was not presented to the court for filing; that the same was filed in the clerk's office, and was not filed within thirty days after the verdict. The motion sets forth at some length what occurred, and is accompanied by affidavits in support thereof.

Appellant filed counter affidavits, one by John F. Cody, one of the attorneys for appellant, and another by the clerk of the Porter Superior Court.

This question is not well taken for the reason that the record itself shows that the motion for new trial was duly filed in open court within the time fixed by statute, and an order book entry made thereof; and that the same was properly presented to the court. There is also sufficient evidence presented in the counter affidavits of appellant to warrant the trial court in overruling the motion of appellee. The only statement made by the trial court as to the filing of the motion for new trial is that given through the record itself. Since the trial court passed upon the motion of appellee, and

deemed the evidence in support of appellee's motion insufficient, we are not at liberty to disturb the ruling thereon. The court did not err in overruling the motion to strike from the files the motion for new trial, and to expunge from the records the docket and order book entries made thereon.

This brings us to a consideration of the questions presented by appellant upon his motion for a new trial. Nearly one hundred pages of the record are consumed upon specification No. 13 in the motion for new trial concerning the misconduct of one Edward M. Passow, one of the jurors, in failing and refusing to answer correctly material questions while being questioned upon his voir dire. This specification of the motion is supported by affidavits to which there were also filed counter affidavits, but nowhere in the record does the examination of the juror occur, so we cannot tell just what questions were asked of the juror, or what his answers were. Therefore, no question is presented by appellant upon this proposition.

Grounds 5 and 6 in the motion for new trial relate to the refusal of the trial court to give a binding instruction at the close of appellee's evidence, and also one at the close of all evidence. If there is any evidence which would sustain a finding for the party against whom the motion is directed, it is the duty of the trial court to submit the cause to the jury. We think there was sufficient evidence to warrant the trial court in overruling both of these motions.

This brings us to the questions presented by grounds 1 and 2 of the motion for new trial, which call in question the sufficiency of the evidence to sustain the verdict, and whether the verdict is contrary to law.

In considering these questions, we take into account the evidence most favorable to appellee, and apply the

law of the state of Michigan, on the question of ▮ contributory negligence, that the negligence, if any, of the husband of appellee, who was driving the car in which appellee was riding at the time of her injury, is imputed to appellee. There was evidence that Elias Moll, husband of appellee, and driver of the car in which she was riding, was approaching U. S. Highway No. 31, from the east, and that he stopped his car twenty-five feet from the east line of the right of way of U. S. Highway No. 31; that he looked to the north, but his view was obstructed on account of trees, shrubbery, and a sign, which were located on the northeast corner of the intersection of these highways; that starting his car, he proceeded slowly, at a speed of from 6 to 10 miles per hour, and at a point 8 feet from the east edge of the pavement on U. S. Highway No. 31, looked to the north a distance of 250 to 300 feet, which was as far as he could see on account of the obstructions in that direction, caused by the overhanging branches of trees; that he moved out onto the highway slowly, and had proceeded about 25 feet, when appellant's car, coming from the north, struck appellee's car as it was turning to the south; that he had driven his car across the center of the paved portion of the road, except possibly the left rear wheel. There was evidence that appellant said he was traveling 55 to 60 miles an hour at the time of the collision. There was introduced in evidence a statute of the state of Michigan which provides in part: "No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to stop within the assured clear distance ahead." There were signs at this intersection on U. S. Highway No. 31 indicating a crossroad, placed there by the authorities of the state of Michigan. Appellant had driven over this particular part of the highway a number of times. Although the evidence shows that

this highway U. S. No. 31 had been designated by statute as a preferential highway, still it was the duty of appellant to use due care in traveling on it, and in approaching other highway intersections.

"It is the duty of the driver of an automobile to observe vehicles on the road ahead of him.

" 'He must keep his car under control, and operate it with care so that he will not run into vehicles ahead of him, which duty may require him to reduce his speed where his vision is in any way interfered with.' 42 Corpus Juris 949.

" 'It is the duty of the operator of an automobile to keep his car under reasonable control, so that he may avoid collisions with, and injury to, other users of the highway who are themselves exercising reasonable care. Performance of this duty required that the speed of the car shall at all times be reasonable and a rate of speed may properly be regarded as negligent if a person of ordinary prudence and intelligence ought, by the exercise of such intelligence, to have foreseen that an injury might result from such rate of speed. The duty of control exists irrespective of any governmental regulations.' 42 Corpus Juris 920." *Bowmaster* v. *William H. Depree Co.* (1930), 252 Michigan 505, 510, 233 N. W. 395.

This duty was likewise incumbent upon appellee's driver. He was required to use due care in coming out onto this highway U. S. 31. He says he looked when 8 feet from the edge of the pavement to the north, and then looked south.

The question of whether he was guilty of contributory negligence under the evidence in this case was for the jury. There is some evidence to sustain the verdict of the jury. How we might have ruled as a trial court on the motion for a new trial is not the question. A different rule guides a trial court in ruling upon a motion for new trial than this court. The question here is not one of law, but rather the application of the facts thereto.

This case was tried under the laws of Michigan, which were pleaded, and introduced in evidence. Applying these laws to the facts in this case, we can not say that there is a total lack of evidence to sustain the verdict, and that the verdict is contrary to law.

Judgment affirmed.