## HESS v
## KROGER GROCERY & BAKING CO

Ohio Appeals, 2nd Dist, Miami Co

No 320.  Decided March 14, 1934

Aaron H. Kessler, Troy, and William Harry Gilbert, Troy, for plaintiff in error.

McMahon, Corwin, Landis & Markham, Dayton, for defendant in error.

## OPINION

By HORNBECK, PJ.

We need not spend any time in giving a close study on this question but for the purpose of determining the case it will be assumed that the evidence supports the contention of the plaintiff that the defendant was guilty of negligence and that such negligence was a proximate cause of the accident and resultant injuries. The real and only question for determination at this time is whether or not the plaintiff was guilty of negligence which was a contributing cause of the accident and the resultant injuries.

. The pertinent provision of law is found in §12603, GC, and reads as follows:

"Sec 12603 GC: SPEED LIMITS FOR MOTOR VEHICLES. No person shall operate a motor vehicle in and upon the public roads and highways at a speed that is greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The last amendment to §12603 GC was under date of July 21, 1929, and it was at that time that the following portion of the above section was incorporated therein:

"And no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Following this amendment many nisi prius courts and some courts of appeal have had this amended section before them for consideration and construction. The Supreme Court in **Skinner v Pen. Ry. Co., 127 Oh St, 69,** said:

"The language of §12603, GC, providing that no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit

him to bring it to a stop within the assured clear distance ahead is a specific requirement of the law a violation of which constitutes negligence per se."

Chief Justice Weygandt in rendering the opinion in the Skinner case cites with approval the case of Bowmaster v William H. DePree Company, 252 Michigan, 505, 233 NW, 395, and also calls attention to the fact that in 1927 the State of Michigan enacted a similar statute and apparently the Michigan statute served as a model for the later Ohio legislation.

We do not hesitate to support the proposition that a violation of any of the provisions of §12603 GC is negligence per se and as we interpret the decisions of the Supreme Court, that is all that it has held.

The first part of §12603 GC makes it a violation of law to operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway, and of any other conditions then existing. The second part of the section makes it unlawful for a motorist to drive a motor vehicle upon the road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

The first part of the section just quoted is the common law rule of ordinary care carried into statutory enactment. It is probable that the "assured clear distance ahead" provision is also the rule of common law carried into the code.

To support the judgment we must not only say that a violation of the section is negligence per se, but that whenever an automobilist on the highway collides with a static object in the line of his vision he is negligent as a matter of law. Thus, there never can be a collision on the highway with an object which has been in the line of travel of the automobilist for a distance of 200 feet in which he is not chargeable with negligence per se. If in this case plaintiff had struck and killed the defendant and was charged with manslaughter then it would be the duty of a trial court to charge the jury to return a verdict of guilty. If an automobilist after night is moving on his right side of the thoroughfare, with an automobile parked in part or fully over his half of the paved portion of the road with no tail lights burning, then if there is a collision the driver is, as a matter of law, chargeable with negligence per se.

In city traffic between intersections, where it is common knowledge that automobilists many times under express instructions of traffic officers drive their cars speedily and closely together, if a car in front of another suddenly stops without warning and there is a collision, the automobilist to the rear can never recover. We should not ignore common knowledge respecting the practical operation of automobiles on the road.

In a case we lately reviewed, Smith v Seiler, No. 313, Miami County, unreported, the plaintiff was a passenger in the rear seat of a car owned by a Dr. Smith and driven by a Dr. Seiler on his right side of the road. The collision occurred in the night reason. The car driven by Dr. Seiler ran into a truck owned and operated by a man by the name of Goldstone. The truck was parked on the easterly side of the road, being the same side upon which Dr. Seiler was driving his car to the north.

It was admitted that the truck projected into the travelled portion of the road for a considerable distance and in one view of the evidence had an indistinct tail light. The action was by Smith, a passenger, against Dr. Seiler. The jury found for the defendant and on the verdict judgment was entered which we reversed as against the weight of the evidence. In this case if the statute had been given the strict construction, if the statute were plead, the court would be required to instruct the jury to return a verdict for plaintiff leaving only the amount of the damages for determination.

In **Franklin Asphalt & Paving Co. v Marsh, Franklin County, 44 Oh Ap, 168; 13 Abs 520**, this court affirmed a judgment in favor of plaintiff below.

Among other claims it was urged that the trial court erred in not directing a verdict in favor of plaintiff in error, defendant below, upon the ground that, as a matter of law, plaintiff below, was chargeable with contributory negligence.

In the Marsh case the facts were that the plaintiff, Clara Marsh, was an occupant in an automobile driven by her husband. In the night season they were driving on and along a stretch of road which had just been completed. The defendant contractor had not yet removed all of its equipment from the right of way and had left a tool box, unlighted according to the testimony of plaintiff, which was mounted upon wheels, in the roadway, in the line of movement of the automobile in which plaintiff was riding. To avoid a collision with the tool box the driver of plaintiff's automobile turned the car somewhat ab-

ruptly across the middle of the road until he had passed the tool box, then turned his car back to the proper side of the road and in doing so came into collision with a car approaching from the opposite direction, as a result of which plaintiff was injured.

There was evidence from which the jury could have found that the plaintiff and her husband, in operating the automobile were conducting a joint enterprise and thus the husband's negligence could be imputed to his wife, the plaintiff. It was urged with much force in the trial court and in this court that plaintiff's driver was chargeable with contributory negligence as a matter of law in that he did not stop within the "assured clear distance ahead."

We supported the trial court in its refusal to direct a verdict for the defendant below.

We are thus committed to the proposition that in some actions "assured clear distance ahead" is a factual question to be determined from all the circumstances of the case.

The instant case, in our judgment, presents a situation where there is no violation of the statute as a matter of law unless because of the collision alone we say that plaintiff did not stop and therefore he could not stop within the assured clear distance ahead. Of course, as a matter of fact, the jury could well have said that the plaintiff violated the statute.

In another view of the facts the act of plaintiff is to be considered in the light of an emergency with which he was confronted.

The plaintiff observed the truck of the defendant 150 feet ahead. At that time he says he did not realize that it was a standing object. Anyone who has driven an automobile knows this a common observation. He kept the truck in mind, at 100 feet distant realized it was standing, and when 75 feet away began operations to avoid striking it. It should be noted that at that time he had ample opportunity, under any condition that then presented itself, to have stopped or passed safely to the left of the truck. Upon a dry surface he could have stopped his car within one-third of the distance between his automobile and the truck. Who can say that he should have known that he could not stop his car within 75 feet because he had a slippery surface. It is practical knowledge that drivers of automobiles upon a slippery surface do not test their cars to determine in what distance they can stop, but depend upon their general knowledge

of the proper operation of their automobiles; and if they did test them at one place on a thoroughfare it might be of little value at another place on the road. It is highly probable that the plaintiff could have stopped his automobile if he had known that it would be necessary before colliding with the truck but, as he says, he meant to go around to the left. He was intent upon the truck in front of him and when he was about to turn to the left to go around the truck he then saw the defendant to the left of his automobile, probably bent over, placing his chains to put on the wheels. Plaintiff says that the position of defendant was such that he could not and did not see him until plaintiff turned to the left. Then it was that the emergency arose which caused the collision.

Is it the intent of the law that the court shall first say that solely because the plaintiff collided with the truck he could not stop his automobile within the "assured clear distance ahead"; and second that his failure to so observe this law was the proximate cause of the collision? The difficulty with this principle is that the determination of causation is based entirely upon the fact of a collision. After one has struck an object every other hypothesis as to the cause is set aside except the one that he was driving too fast to stop within the "assured clear distance ahead." There are too many facts, circumstances and inferences permissible on the record in this case to justify a court in foreclosing a jury from determining whether or not the plaintiff could have stopped his automobile within the "assured clear distance ahead" and if so was such failure of the plaintiff to stop his automobile the proximate cause of the collision.

In Skinner v Pennsylvania Rd. Co., supra, the court said the language of §12603 GC, providing that "no person shall drive any motor vehicle in and upon a public road or highway at a greater speed than will permit him to bring it to a stop," is a specific requirement of the law, a violation of which constitutes negligence per se.

In this case, in the night season, the plaintiff's driver ran into a standing train. The court held, as this court has formerly held, that the plaintiff could not be heard to say that his driver could not see this train in time to have avoided striking it and that he was chargeable with contributory negligence as a matter of law.

There are many particulars wherein the facts in the cited and the instant case are so different as to require a different appli-

cation of the law. A railroad track where it crosses a road is by law required to be marked by warning signs with large and distinct letters. §8852 GC. This, in itself, would put an automobilist on notice that he is approaching a railroad crossing and that a train may be standing on or moving over the crossing. The driver was moving at a fast rate of speed, 40 miles per hour, and claimed not to have seen the train until within five feet of it. It is the obligation of a motorist at all times to take cognizance of the fact that he may be approaching a railroad crossing over which it is lawful to operate trains of cars, either standing or moving. But it is not the obligation of a motorist to assume that a log will be placed, or a wire stretched across his right of way; that a vehicle of any kind will be parked in the travelled portion of the thoroughfare without any warning signals as provided by statute.

An automobilist is not required, in the exercise of ordinary care, to keep his eyes constantly fixed upon every inch of the thoroughfare ahead of him, nor is he required to assume that others will be using the highway in his line of travel unlawfully; but when, in the exercise of ordinary care he has discovered that there is an object unlawfully in his line of travel, it is his obligation, of course, to use due care to avoid striking it.

Bowmaster v DePree Co. et, (Mich.) 233 NW, 395, was cited by Chief Justice Weygandt in the Skinner case. The Bowmaster case is authority to support the Skinner decision, but neither opinion goes further than to say that the violation of the statute involved is negligence per se: No violence was done to the language of the statute in holding in the Bowmaster case that the defendant Van Ark was chargeable with contributory negligence, as a matter of law. He, by his own testimony, admittedly did not see the truck which he struck until he was almost upon it. His excuse for striking it was that he could not see because of the swirling snow which obscured his vision somewhat. He only had time, after he saw the automobile which struck plaintiff's decedent, to swerve his car to the left. Unlike the instant case, there is no showing that he had any appreciable "assured clear distance ahead." In view of these facts the Michigan Supreme Court was justified in making the statement:

"The defendant Van Ark was driving his automobile upon the highway at a speed greater than permitted him to bring it to a stop within the assured clear distance

ahead, in violation of the plain provisions of the statute, and we think was guilty of negligence as a matter of law."

It should be observed, also, that the Supreme Court of Michigan said that plaintiff's decedent was not negligent in parking his automobile on the easterly right half of the road.

It is recognized that a hard and fast rule requiring an automobilist to be able to stop his vehicle within the range of his vision has no application in case of emergencies creating unexpected hazards. Wosoba v Kenyon, (Ia.) 243 NW, 569.

In Chafee v Duclos, (Vt.) 166 Atl., 2, it was held that, although the plaintiff was driving at a speed preventing stopping within the space of his vision, the question of contributory negligence was held for the jury where the parked car with which he collided was unlighted.

And in Hanna v Motor Freight Lines, Inc., 17 La. App., 62; 134 So., 317:

"A driver who is blinded by the lights of a car coming from the opposite direction is called on to exercise great caution and have his car under such control as to meet safely any ordinary emergency which may present itself on the road because of the darkness, but he is not expected to be able to stop his car almost on the spur of the moment when he finds himself confronted suddenly with a situation of extreme peril on the highway, such as the presence of an unguarded truck."

To the same effect, Testard v New Orleans, 8 La. App., 238.

And, although holding that the exception to the rule had no application to the facts in the case, it was recognized in Angstman v Wilson, 258 Mich., 195; 241 NW, 909.

In Sawdey v Producers' Milk Co., 107 Cal. App., 467, 290 Pac., 684, the court recognized the exception in a case where the evidence disclosed that the plaintiff's car shed light for a distance of more than 50 feet; that he was driving at a speed of 25 miles per hour and that the car was so equipped that it could be stopped within 15 feet, and that the plaintiff ran into the rear of a parked truck which was without a tail light.

The instant case illustrates the length to which a strict interpretation of this statute can be carried. Here was an automobilist driving at a rate of speed not to exceed 25 miles per hour, under uncertain road conditions, alert and exercising his eyesight. At 75 feet away from the truck

when it seemed that his assured clear distance ahead to the left of the truck was unlimited, he took such precautionary steps as probably would have, under such conditions, permitted him to go around the truck and avoid the collision. Later in the most favorable view of the evidence, an emergency arose, in meeting which he changed his course and thereby the collision occurred. Should it be said that the cause of this collision was as a matter of law his failure to stop his automobile within the "assured clear distance ahead," or was it an emergency? These were questions of fact which should have been submitted to the jury under a proper charge. All proper inferences must be indulged in favor of the plaintiff, not against him.

Judgment reversed and cause remanded.

KUNKLE, J, concurs.

### DISSENTING OPINION

By BARNES, J.

I am unable to agree with my associates in reversing and remanding for new trial.

The rather recent amendment of §12603 GC, as construed by the Supreme Court in **Skinner v Pennsylvania R. R., 127 Oh St, 69** adequately sustains the lower court in directing verdict at the close of plaintiff's testimony.

In the majority opinion it is held that the icy condition of the road was an element which would make inapplicable the assured clear distance ahead provision of the code. The statement is made that but for the icy condition of the road, the plaintiff could have stopped his car very easily within the assured clear distance ahead. If this icy condition had been limited to an isolated location in the road and unknown to the plaintiff, then I could agree that it would be a jury question to determine whether or not the assured clear distance ahead provision of the code would be applicable. This was the principle that was laid down in the case of Dietrichs v Duke et, (Mich.) 207 NW, 874. Under the evidence in the instant case we find that the icy condition of the road was general and likewise this condition was known to the plaintiff. According to his evidence he delayed starting home for some six or seven hours because of the very bad weather conditions. He knew before starting that the road was icy. He had no chains on his tires; he approached this hill at a speed, as he says, of about 25 miles an hour; the road was so slippery that he could not touch his brakes or release his clutch with-

out going into a skid. Under such a situation he is admittedly going too fast. He did not have his car under control. There is always the obligation to take into consideration the traffic, surface width of the road and any other conditions then existing. When we say that the plaintiff could not touch his brakes or release his clutch without his car skidding, this at once establishes the fact that he was not driving so as to stop within the assured clear distance ahead. If at a lesser speed he could have had the requisite control of his car, then it was his duty to so operate. If it is the claim that the street was so icy that control could not be had at any speed, then plaintiff would be guilty of negligence in voluntarily undertaking such a hazardous venture.

The observation is made by Chief Justice Weygandt in the case of **Skinner v Pennsylvania R. R., 127 Oh St, 69** that the assured clear distance ahead provision of §12603 GC is adopted from a similar enactment in the state of Michigan. This particular provision of the Michigan statute has been before the court of last resort in that state very frequently. The case of Bowmaster v DePree, 252 Michigan, 502; 233 NW, 395 is cited by Judge Weygandt in the Skinner case. This same question has been under consideration. Another Michigan case somewhat in point is Lett v Summerfield and Hecht, 239 Michigan, 699; 214 NW, 939.

The State of Pennsylvania has a similar statute and the Superior Court of that state has had the question under consideration as found in the case of Milligan v United Laundries, 161 Atlantic Reporter, page 73.

The question is raised that the plaintiff was confronted with an emergency and therefore was not bound to exercise the same clear judgment as if the emergency had not existed. The case of **Pennsylvania R. R. v Snyder, 55 Oh St, 342** is cited in support of the emergency theory.

The rule is well recognized that one of the situations to make it applicable is that the person who finds himself confronted with the emergency must show that he was not guilty of negligence in placing himself in such situation. This is the express language of the third syllabus in the above cited case. I am unable to see that the emergency theory is at all applicable. In my judgment the plaintiff does not bring himself within the principle for the reason that he fails to show that he was not guilty of negligence in placing himself in the position of claimed emergency.

In the second place this road was very wide; the paved portion was 20 feet in width and there were good graveled, hard surfaced berms to the width of 88 feet on the east and 6 feet on the west. But plaintiff says that the truck was occupying the entire right hand portion of the road and that the driver was over on the left hand side at a distance of 1 to 2 feet from the truck starting to put on chains. Nevertheless it appears that at least 14 feet of good road remained upon which plaintiff could pass if he had had his car under control.

After a careful consideration of the record in this case, I am unable to conclude that the trial court was wrong in directing a verdict.