**GOLDBERG v CHAMBERS**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 16, 1934

Kennedy & Kennedy, Youngstown, and McKain & Ohl, Youngstown, for plaintiff in error.

H. H. Wickham, Youngstown, and R. R. Thombs, Youngstown, for defendant in error.

168

## OPINION

By SMITH, J.

The trial in the court below resulted in a verdict for the plaintiff in the sum of one thousand dollars. Motion for new trial was filed and overruled, and judgment entered on the verdict. This case comes into this court on error from that judgment. The petition in error sets forth eleven separate assignments of error. The first assignment of error alleged in the brief is that the verdict is manifestly against the decided weight of the evidence and contrary thereto as to the ownership and control of the truck at the time of the accident. Plaintiff in error quotes copiously from the record in support of this contention. We have carefully examined this record on this question. The result of this examination leaves the mind in a state of confusion due to the changes in ownership of the truck in question, and of the great number of changes made in the business of the defendant, Abe Goldberg and his sons. The record shows that the title to the truck stood in the name of Bess Goldberg by virtue of a bill of sale transferring the truck to her, without any consideration being paid therefor. The record shows that Louis Goldberg, a brother of Bess Goldberg, and also Bess Goldberg, were working for their father, Abe Goldberg, at the time in question; that Abe Goldberg had purchased a large quantity of potatoes from a farmer; that a Mr. Belkin desired to purchase a load of potatoes, and that Louis Goldberg had arranged for the purchase thereof with the farmer from whom Abe Goldberg was purchasing potatoes; that Belkin had a small truck but desired more potatoes than his truck would haul; that Louis Goldberg advised him of the truck in question and agreed to furnish this truck and a driver to go out to this farm and get the potatoes. The record shows that Abe Goldberg, through his son, Louis, used the truck in question at different times in his own business; that at the

time this accident occurred, Louis Goldberg, in another truck, went out to the farm where Abe Goldberg had purchased potatoes, to get another load; that at that time he paid the farmer the sum of one hundred dollars for the load of potatoes that went to Belkin, and that in addition to the hundred dollars Belkin had given him twenty-five dollars covering the use of the truck and driver.

The jury evidently found from the evidence in this case that Abe Goldberg was either the owner of said truck or that he had charge and control of the operation of the truck at the time this accident occurred. From the evidence submitted in this case, found in the record, the court is unable to find that this finding of the jury is against the manifest weight of the evidence. The evidence is of such character that we believe the jury could have found either way on this question. The jury having found in favor of plaintiff on this question, and in the opinion of the court such finding is not against the manifest weight of the evidence, we will not disturb it.

The second assignment of error urged is the admission of the statement introduced in the evidence of the plaintiff that the driver of the truck had said "I work for Abe Goldberg." This evidence was introduced without objection on the part of counsel for the defendant at the time. Some time later objection was made to the admission of this testimony, and a motion made to strike it from the record. Counsel for plaintiff objected on the grounds that the defendant's counsel had failed to object in time. The court, after consideration, decided to let the testimony remain.

The fact that the objection to this testimony was not made at the time the question was answered did not affect the right of defendant's counsel to object to it at a later time. The record shows that there were two colored boys with this truck, and that the plaintiff did not know whether the boy who answered was the driver of the truck or not. It is urged by plaintiff in error that this testimony was incompetent for the reason that it tended to prove agency by a declaration of the agent, and cite a large number of cases in support of their contention. We agree with counsel for the defendant that agency can not be proved in that manner. It is urged by counsel for plaintiff that this statement was a part of the res gestae. The record shows that the statement was made several minutes after the collision occurred, and made in response to an inquiry of the plaintiff. We do not believe this evidence was com-

petent as part of the res gestae, and that it was error on the part of the trial court to admit this testimony. We have carefully examined this record, and also the very full and complete charge of the court in its general charge to the jury on the question of agency. In view of the court's charge and the testimony contained in the record, we do not believe this error was sufficiently prejudicial to the defendant to warrant a reversal.

The third assignment of error urged is contributory negligence as a matter of law on the part of the plaintiff. §6310-1, GC, so far as pertinent to the issues in this case, is as follows:

"Every motor vehicle * * * driven upon the public highways of the state during the period from one-half hour after sun set to one-half hour before sun rise, and whenever fog renders it impossible to see at least two hundred feet ahead of such motor vehicle, shall display, while running, at least two lighted lamps on the forward part of such vehicle, one on each side and approximately of equal candle power; * * * which lights in clear weather shall be visible at least two hundred feet in the direction in which such motor vehicle is proceeding. * * *

Whenever there is not sufficient light within the limits of the traveled portion of the highway to make all vehicles, persons or substantial objects clearly visible within a distance of at least two hundred feet, the forward lights * * * shall, when the motor vehicle is in motion, throw sufficient light ahead to show any person, vehicle or substantial object upon the roadway straight ahead of the motor vehicle for a distance of at least two hundred feet.

Any light thrown directly ahead or sideways shall be so arranged that no dazzling rays or beams or reflected light from it or from any reflector shall at any time be more than three and one-half feet above the ground on a level road a distance of seventy-five feet ahead of such vehicle; and such light shall be sufficient to enable the operator of the motor vehicle to see any person, vehicle or substantial object upon the roadway or at the side of the road within ten feet of each side of the motor vehicle."

Sec 12603, GC, is as follows:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Sec 12614-3, GC, is as follows:

"It shall be the duty of every person who operates, drives or has upon any public street, avenue, highway or bridge a vehicle on wheels, during the time from one hour after sunset to one hour before sunrise, to have attached thereto a light or lights the rays of which shall be visible at least two hundred feet from the front and two hundred feet from the rear."

The record shows that plaintiff was coming from Akron to Youngstown driving at a speed of from forty to forty-five miles per hour; that his headlights enabled him to see a light object one hundred and seventy-five feet ahead of him and a dark object from one hundred and twenty-five to one hundred and fifty feet; that when he met cars going in the opposite direction the headlights decreased the distance he could see ahead to around thirty-five to forty feet; that when he met cars he reduced his speed until he had passed them; that just before the accident he had passed four or five cars; that he did not see the standing truck until he was within thirty-five feet of it; that he attempted to turn to the left but the right front of his car struck the left rear of the truck, causing the accident; that he does not remember whether he put on his brakes or not, but he did attempt to turn his car to avert the collision.

The above quoted sections of the General Code set out the duties of both the plaintiff and defendant in this situation. It is urged by counsel for the defendant that this accident was the result of the sole negligence of the plaintiff in not having headlights that would show this truck a distance of two hundred feet ahead, and in not operating his car at a speed that he could stop within the assured clear distance ahead. Counsel for plaintiff urge that the negligence of the defendant in not displaying a red light on the rear of the truck that would be visible a distance of two hundred feet from the rear thereof, was guilty of negligence that was the sole cause of the accident. They urge that the plaintiff, in driving along this highway, had a right to believe that other persons using the highway would do so in a lawful manner, and that if defendant had complied

with the statute the plaintiff would have been apprised of the location of this standing truck 200 feet before he reached it.

The case of **Page v Weiland et, 40 Oh Ap, 141**, is in point. The syllabus is as follows:

"1. Permitting truck to stand without lights on main highway at night for three hours, is gross negligence. (§§6310-1, 12614-2 and 12614-3, GC).

2. Motorist traveling at night could assume that no truck would be left on traveled portion of highway at night without warning light. (§§6310-1, 12614-2 and 12614-3, GC).

3. Motorist's failure to have headlights burning, casting light on roadway the statutory distance, is negligence per se. (§§6310-1, 12614-2 and 12614-3, GC).

4. Whether plaintiff motorist's alleged violation of statute requiring headlights to illuminate certain distance was proximate cause of rear-end collision with truck standing on highway without light held for jury under evidence. (§§6310-1, 12614-2 and 12614-3, GC)."

In the case of **N. Herbert Hess v Kroger Grocery & Baking Company**, decided March 14th, 1934, and found in the **Ohio Law Bulletin and Reporter, June 25th, 1934, (17 Abs 225)**, the second and fourth paragraphs of the syllabus are as follows:

"2. In some actions 'assured clear distance ahead' is a factual question to be determined from all the circumstances of the case, and the plaintiff will not be said, as a matter of law, to have violated §12603, GC, though he collided with a truck parked on the wrong side of the road, which was in the line of his vision."

"4. An automobilist is not required in the exercise of ordinary care, to keep his eyes constantly fixed upon every inch of the thoroughfare ahead of him, nor is he required to assume that others will be using the highway in his line of travel unlawfully; but, when, in the exercise of ordinary care, he has discovered that there is an object unlawfully in his line of travel, it is his obligation to use due care to avoid striking it."

On page 157 of this opinion the court say:
"Is it the intent of the law that the court shall first say that solely because the plaintiff collided with the truck he could not stop his automobile within the 'assured clear distance ahead'; and second, that his failure to so observe this law was the proxi-

mate cause of the collision? The difficulty with this principle is that the determination of causation is based entirely upon the fact of a collision. After one has struck an object, every other hypothesis as to the cause is set aside except the one that he was driving too fast to stop within the 'assured clear distance ahead.' There are too many facts, circumstances and inferences permissible on the record in this case to justify a court in foreclosing a jury from determining whether or not the plaintiff could have stopped his automobile within the 'assured clear distance ahead', and if so was such failure of the plaintiff to stop his automobile the proximate cause of the collision."

The court then discusses the case of **Skinner v Pennsylvania Railroad, 127 Oh St, 69**, and distinguishes it from the facts in that case. On page 158 the court say:
"A railroad track where it crosses a road is by law required to be marked by warning signs with large and distinct letters. This, in itself, would put an automobilist on notice that he is approaching a railroad crossing and that a train may be standing on or moving over the crossing. It is the obligation of a motorist at all times to take cognizance of the fact that he may be approaching a railroad crossing over which it is lawful to operate trains of cars, either standing or moving. But it is not the obligation of a motorist to assume * * * that a vehicle of any kind will be parked in the traveled portion of the thoroughfare without any warning signals as provided by statute."

On the authority of the above cases it is our opinion the question of the negligence of the plaintiff in the situation disclosed by the record in this case, and if negligent as to whether such negligence was the proximate cause, either solely causing the collision or contributing thereto, was a question for the jury. This question was submitted to the jury in this case and the jury found in favor of the plaintiff, and we are unable to say this finding of the jury is against the manifest weight of the evidence.

The fourth assignment of error is that the court erred in overruling the motion of the defendant below made at the close of plaintiff's case to withdraw the case from the jury and direct a verdict for the defendant, and in overruling the motion to direct a verdict made at the close of all the evidence. In the case of Babbitt v Say, the first syllabus is as follows:

"In the trial of an action for damages for death by wrongful act, upon a motion being made by defendant for a directed verdict at the close of plaintiff's case, upon the ground of the contributory negligence of the decedent, the evidence should be given the most favorable interpretation on behalf of plaintiff, and, if a reasonable inference may be drawn from such evidence. that the decedent was exercising due care, such motion should be overruled and the question of contributory negligence submitted to the jury under proper instructions."

We do not find that the court erred in the overruling of these motions.

The fifth, sixth and seventh assignments of error urged are that the court erred in refusing to give defendant's requests numbers one, two and three in connection with this case. It is stated in the brief that these requests are based on the rule in the case of Skinner v Pennsylvania Railroad Co., supra. In the case of Hess v Baking Company, cited above, the rule in the Skinner case is distinguished, and we do not believe would apply to the facts in the instant case. We find that the court did not err in refusing to give any one of these requests.

The eighth assignment of error urged is that the court erred in its general charge to the jury in submitting to the jury the question of negligence as to the statutory duty of the plaintiff providing that "No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than would permit one to bring it to a stop within the assured clear distance ahead." On the authority of Page v Neiland et, supra, and Hess v Baking Company, supra, we find the court did not err in submitting this question to the jury. We are unable to agree with counsel for the defendant that the evidence in this case upon that point is so clear and convincing that the minds of reasonable persons could not come to a different conclusion, but that there was a clear violation of the statute. We believe that counsel for the defendant arrive at this conclusion on account of the rule laid down in Skinner v Pennsylvania Railroad, supra. Applying the rule laid down in the cases just cited, we think it would be clear to counsel that the court properly submitted this question to the jury.

The ninth assignment of error urged is that the verdict in this case was contrary to law, in that the record so clearly disclosed the fact that plaintiff was guilty of contributory negligence barring his recovery. Having come to the conclusion that has been stated in regard to the preceding assignments of error, we do not believe that this assignment of error is well taken. We are unable to find, as a matter of law, that this plaintiff was guilty of contributory negligence. In our opinion, this question was properly submitted by the trial court to the jury.

The verdict of the jury in this case was one thousand dollars. In our opinion this verdict is not excessive, and is amply supported by the evidence in the record.

Having arrived at the conclusion set forth herein, we find that this case should be, and is, hereby affirmed.

Judgment affirmed.

ROBERTS and LYNCH, JJ, concur.