## WEBB v STOKES

Ohio Appeals, 2nd Dist, Clark Co

No 375. Decided Dec 10, 1937

James B. Malone, Springfield, for defendant-appellant.

Aaron J. Halloran, Springfield, for plaintiff-appellee.

## OPINION

By HORNBECK, J.

The action in the trial court was for personal injuries suffered by plaintiff when overtaken by an automobile driven by the defendant. The collision occurred before daylight on February 4, 1936, between Florence and Greenmount Streets, on east Main Street, in Springfield, Ohio. Both the plaintiff and the defendant were on their way to work. The plaintiff, on a bicycle, was proceeding on the right side of the street about six feet from the right curb and a foot or two from the north rail of the street car track. The bicycle carried no light either in front or in the rear. The speed of the automobile was not fixed in the case made by the plaintiff in chief, but the defendant upon presentation of his case stated that he was moving about twenty-five miles per hour prior to and at the time of the impact of his car with the bicycle. The plaintiff was knocked some distance by the force of the automobile, the evidence varying as to how far. Likewise, there is variance respecting the distance the defendant traveled after he had struck the bicycle. The morning was misty and raining and some say foggy,and there is difference as to the degree of visibility of objects ahead of defendant. The specifications of negligence were that the defendant was driving his motor vehicle at a careless and negligent rate of speed, to-wit, forty miles an hour; that it was not under such control as that it could be·stopped within the assured clear distance ahead.

The defense was a general denial of the specific allegations of negligence and an

averment that the collision was caused by the negligence of the plaintiff in that his bicycle was not equipped with any lamp or light with which to distinguish it or to apprise any other vehicle or user of said street of its, or plaintiff's presence, contrary to §326 of the Ordinances of the city of Springfield, Ohio, and in violation of §12614-3 GC, requiring operators of vehicles on wheels, during the night season to have attached thereto a light or lights, the rays of which shall be visible at least 200 feet from the front and 200 feet from the rear. The reply admits the allegations of negligence in the answer, but denies that such negligence proximately contributed to cause the collision.

Motion for directed verdict was interposed at the conclusion of plaintiff's case, but was not renewed at the conclusion of the whole case. The cause was submitted to the jury, which returned a verdict for the plaintiff in the sum of $725.00. Motion for new trial was filed, heard and overruled and judgment entered on the verdict.

From this action of the trial court, an appeal on questions of law is prosecuted.

The assignments of error are:

(1) That the judgment is not sustained by sufficient evidence and is contrary to law.

(2) That the court should have sustained the motion of defendant for a directed verdict in his favor.

(3) That the verdict of the jury was given under the influence of passion and prejudice.

(4) That the motion in arrest of judgment filed by the defendant should have been sustained.

(5) That the court erred in its charge to the jury in defining the province of the jury in determining whether the doctrine of assured clear distance ahead (§12603 GC) took precedence over the pleadings and the evidence in the case.

(6) That the plaintiff below was using the highway at the time of the accident in a manner that was unlawful.

(7) For other and further errors manifest upon the record.

The briefs of the defendant, in arrangement, do not follow the assignments of error and the greater part of them is devoted to the effect of the failure of the plaintiff to carry lights upon his bicycle prior to and at the time of the collision, to the action of the trial court in charging the assured clear distance portion of §12603 GC without modification, and to the verdict of the jury under this charge.

It is also claimed that the court erred in

that there was inconsistency between one of the special charges given before argument and that part of the general charge which treated of the effect of the failure of plaintiff to carry lights on his bicycle.

The court charged the jury in defendant's special charge No. 1, before argument, that the plaintiff admitted that he was operating his bicycle on East Main Street, at the time in question, without having lights attached thereto as is required by law, and further that such failure to display such lights was negligence as a matter of law, and if such failure was a proximate cause of plaintiff's injury the verdict should be in defendant's favor.

In the general charge, the trial judge instructed the jury in detail concerning the application of §§12603 and 12603-1, GC, §12614-3 GC, and §326 of the Ordinances of the city of Springfield, and said to the jury that it might determine whether or not the provisions of one or more of the statutes or ordinances had been violated. Obviously, this part of the charge relating to the section of the General Code and the ordinance requiring the plaintiff to have lights on his bicycle was a modification of the special instruction wherein it was stated that the jury must accept it as a fact that the section of the Code had been violated inasmuch as it was admitted to have been violated by plaintiff.

Error to require a reversal must be prejudicial and we are unable to say that this inadvertence of the trial judge could have affected the jury unfavorably toward the defendant. All of the testimony touching the matter was clearly to effect that the plaintiff had no lights. He so stated and all other witnesses who speak on the subject were to like effect. In no view of the testimony could the jury have found the fact to be that the plaintiff was carrying lights on his bicycle. Until and unless this fact was determined, the statute was controlling as to his obligation. The ordinance was charged and no objection was made to it. It will be noted that the ordinance provides that every such machine (meaning bicycle or tricycle) shall be provided with a lamp, which shall be kept lighted during the hours of darkness. The word "lamp" is used in the singular form and for that reason it is impossible to say whether it contemplated that the lamp should be carried in front or in the rear of the bicycle, although a reasonable interpretation probably would compel the construction that it

was meant a lamp should be carried on the front of the bicycle.

It would be too uncertain in view of the language of the ordinance to employ it to enjoin upon the plaintiff the obligation of carrying a lamp on the rear of his bicycle. However, this is immaterial because clearly the section of the General Code, §12614-3, GC, has application.

The jury then must have begun its consideration of this case with the determination that the plaintiff was negligent in the operation of his bicycle without a tail light, at the time and place of the collision, but there was one step further which it was incumbent upon the jury to find before contributory negligence of the plaintiff could be established, namely, that the negligence was a proximate cause of the collision The trial judge properly charged the jury as to this essential. This issue was to be determined in view of all the circumstances in the case. It may be that the jury was of opinion that because the thoroughfare where the bicycle was moving was well lighted from the cluster street lights, a tail light would not have made enough difference in the illumination of the bicycle to have materially assisted the defendant in preventing the collision. In any event, upon the record, there was a █ factual question for the jury whether or not the negligence per se of the plaintiff was a proximate cause of the collision and the resultant injuries.

The main discussion in the brief is directed to the application of §12603 GC, and particularly "the assured clear distance ahead" part of the section. Counsel for appellant in a most logical and persuasive manner presents the argument that the enactment of §12603 GC is merely a restatement of the common law as to the ordinary care enjoined upon a person, which must at all times be considered in the light of the facts set out in the section, namely, conditions of road, traffic, etc., and further that the section should not be invoked to permit a judgment against the defendant, if at the time of sustaining the injuries complained of. the plaintiff was using the highway in an unlawful manner. This latter doctrine has been invoked to take away the benefit of the right of way to an automobilist who would otherwise be assured of the right of way under §§6310-20 and 6310-28, GC.

We held in Hess v Kroger Grocery & Baking Company, 17 Abs 225, 40 O.L.R. 153, that the "assured clear distance ahead" was under the state of facts there appearing, a question for the jury and that it should not be given such a narrow interpretation as to require that under all conditions the driver of an automobile should be required to stop his car within the distance of his vision ahead.

The Supreme Court refused to certify Hess v Kroger Grocery & Baking Company and later the Court of Appeals of Clinton County certified the case **Gumley, Admr. v Cowan, 129 Oh St 36**, to the Supreme Court as being in conflict with the Hess case. The Supreme Court affirmed the Court of Appeals in the Gumley case but made no mention as to the conflict upon which the case was cited and no comment respecting the correctness of the decision in the Hess case. We refer counsel to the Hess case for a comprehensive statement of our view respecting §12603 GC, prior to the decision in the Gumley case.

In this case the moving object, the bicycle, in the pathway of the defendant's automobile, brings the facts clearly within the facts appearing in the Gumley case and would require the determination that the defendant was chargeable with negligence in failing to observe §12603 GC.

The second proposition of the syllabus in the Gumley case is convincing that the Supreme Court is committed to the strictest liberal construction of the language of §12603 GC. The first syllabus re-states and adopts the pronouncement of the court in **Skinner v Pennsylvania R. R. Co., 127 Oh St 69**, and the second syllabus is as follows:

"The present legislative requirement establishes a subjective test whereby a driver is prohibited from operating any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the distance at which he can see a discernible object obstructing his path."

This also is the rationale of the decision in **Kormos v Credit Co., 131 Oh St 471**.

There seems to be no doubt that under the construction of the "assured clear distance ahead" provision of §12603 GC, by our Supreme Court, the trial court was correct in this case in submitting the question of its violation to the jury as was done, and the jury had the prerogative in determining that its violation was negligence per se and that such negligence proximately caused plaintiff's injuries. Of course, the negligence of the defendant which could have been established on this record by

reason of the violation of §12603 GC has nothing whatever to do with the question of contributory negligence. This could have been determined in favor of the defendant upon the factual issue, but not as a matter of law.

Upon the whole record, we are satisfied that no prejudicial error intervened against the defendant in any particulars asserted in the assignment of errors or in the brief of counsel for the defendant.

· The judgment will be affirmed.

BARNES, PJ, concurs.
GEIGER, J, not participating.