BUCHEL *v.* WILLIAMS.

1. TRIAL—BURDEN OF PROOF—REPETITION OF CHARGE—EYEWITNESSES.
   In action by administratrix of pedestrian who died as result of injuries received when hit by defendants' automobile, ninefold repetition in charge to jury of proposition that burden of proof was upon plaintiff *held*, argumentative and prejudicial, especially in view of the absence of any eyewitnesses other than defendants.

2. WITNESSES—OPPOSITE PARTY.
   Plaintiff has right to call defendants as witnesses (3 Comp. Laws 1929, § 14220).

3. DEATH—PRESUMPTION OF DUE CARE—EYEWITNESSES.

> Charge that question of due care of plaintiff's decedent, a pedestrian who was fatally injured by defendants' automobile, was one of fact and not of presumption *held,* proper where defendants were eyewitnesses and testified.

4. HIGHWAYS AND STREETS — PEDESTRIANS — AUTOMOBILES—EQUAL RIGHTS.

> Pedestrians are not required to cross streets or highways at designated intersections in the absence of statutory regulations as they have equal rights with automobiles in the use of public highways.

5. SAME—CARE REQUIRED OF PEDESTRIANS.

> Pedestrians using a public highway must exercise that care which reasonably prudent persons would use for their own protection and preservation.

6. AUTOMOBILES—SPEED—ASSURED CLEAR DISTANCE AHEAD—MOVING OBJECTS.

> Rule that automobile shall not be driven on public highway at a speed greater than will permit it to be brought to a stop within the assured clear distance ahead is not confined to the ability of the driver to observe *fixed* objects ahead but includes *moving* objects as well (1 Comp. Laws 1929, § 4697).

7. SAME—CONTROL OF CAR—NEGLIGENCE.

> That motorist is able to begin to stop within the range of his vision or that he uses diligence to stop after discerning an object is not enough, as the rule that one must so drive as to be able to stop within the assured clear distance ahead makes no allowance for delay in action, he must, on peril of legal negligence so drive that he can and will discover an object, perform manual acts necessary to stop, and bring the car to a complete halt within such range (1 Comp. Laws 1929, § 4697).

8. TRIAL—INSTRUCTIONS—AUTOMOBILES.

> Charge pertaining to situation where a pedestrian steps into street in front of or very close to an approaching automobile *held,* inapplicable to case where decedent pedestrian was observed by motorist 25 to 30 feet away about three feet from curb after crossing intersection of two streets with pavement 40 feet wide at an admitted speed of 20 to 30 miles an hour at 10 o'clock on a clear night when visibility was good, pavement dry, and no other cars or pedestrians were near the scene.

9. SAME—INSTRUCTIONS—SUBSEQUENT NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Charge that plaintiff's decedent, a pedestrian who was fatally injured by defendants' car, must be free from contributory negligence *held*, contradictory and ambiguous in view of plaintiff's plea of subsequent negligence.

10. SAME—COLLOQUY BETWEEN COURT AND JURY—AUTOMOBILES—THROUGH HIGHWAYS—STOPPING.

Colloquy between court and members of jury which occupies six pages of printed record in which the court used language as to effect of motorist's failure to stop at a marked intersection *held*, confusing and erroneous if intended that jury disregard motorist's violation of statutory duty where decedent was struck 3⅓ seconds after car passed stop sign (1 Comp. Laws 1929, § 4715).

11. EVIDENCE—AUTOMOBILES—NEGLIGENCE—FAILURE TO STOP AT THROUGH HIGHWAY—CONTRIBUTORY NEGLIGENCE.

Whether or not defendant motorist failed to stop before crossing through highway at night and striking pedestrian 25 or 30 feet from intersection bears directly upon both question of defendant's negligence and decedent's contributory negligence (1 Comp. Laws 1929, § 4715).

12. WITNESSES—WEIGHT AND CREDIBILITY OF TESTIMONY FOR JURY.

Weight and credibility of testimony of disinterested police officer, who was called to scene of automobile accident in performance of official duties, as to his observation of motion in body of stricken pedestrian *held*, for jury notwithstanding discrepancies in his testimony where he was called as a witness after loss of 24 hours' sleep.

13. APPEAL AND ERROR—EVIDENCE—NUMBER OF WITNESSES—WEIGHT OF TESTIMONY.

Since weight of testimony does not depend upon the number of witnesses, charge that burden is on plaintiff and that defendant driver was only person called as a witness to show anything about the facts is disapproved where such language is inconsistent with other portions of charge and no other witness could have been called for such purpose by either party.

14. AUTOMOBILES—DIRECTED VERDICT—OPERATION WITH CONSENT OF OWNER.

Directed verdict for joint owner not present at scene of accident *held*, error where car was being operated at the time with her knowledge and consent (1 Comp. Laws 1929, § 4648).

15. APPEAL AND ERROR — QUESTION FOR JURY — WHEREABOUTS OF PEDESTRIAN.

Testimony of owner of car, riding therein at time when it fatally injured plaintiff's decedent, that decedent was on the curb when she first saw him made question of his whereabouts a question for the jury.

Appeal from Kent; Brown (William B.), J. Submitted June 18, 1935. (Docket No. 76, Calendar No. 38,441.) Decided October 11, 1935.

Case by Lena Buchel, administratrix of the estate of Adam J. Buchel, deceased, against Alice Williams, Chrystel MacFarlane, Jane MacFarlane, and Robert MacFarlane, individually and doing business as MacFarlane Lumber Company, for the death of plaintiff's decedent in an automobile accident. Directed verdict for defendants Jane and Robert MacFarlane. Verdict for defendants Alice Williams and Chrystel MacFarlane. Judgment for defendants. Plaintiff appeals. Reversed.

*Shields, Silsbee, Ballard and Jennings (Stanley H. Fulton,* of counsel), for plaintiff.

*Mason, Alexander, McCaslin & Cholette (L. H. Robb,* of counsel), for defendants.

BUSHNELL, J. While walking in a westerly direction across North Grand River avenue, in the city of Lansing, about 10 p.m. on March 24, 1934, plaintiff's decedent was struck by a car owned by defendants Chrystel and Jane MacFarlane, and being driven northerly by their schoolmate Alice Williams. The night was clear, visibility good, and pavement dry; no other auto traffic or pedestrians were near the scene of the accident at the time, the only eyewitnesses being Alice Williams and Chrystel MacFarlane. Two other school girls were asleep in the

rear seat and consequently did not testify. The group, which originally included Jane MacFarlane, left Wellesley, Massachusetts, about noon the previous day and spent the night in Buffalo. The next evening they visited with friends at Ann Arbor where Jane remained, the others proceeding on their way to Grand Rapids.

The intersection of North and West Grand River avenues is marked by a stop sign but instead of stopping, the driver took her foot off the accelerator and crossed at an admitted speed of 20 to 30 miles an hour. Both streets, 40 feet wide, are a part of US–16, a heavily traveled main thoroughfare between Detroit and Grand Rapids. As Miss Williams was passing the north line of the intersection, she discovered some one 25 to 30 feet away on the right side of the roadway about 3 feet from the east curb; she applied the brakes, blew the horn and swerved to the left but the right front of the car hit decedent. After stopping, she got out and called for help; the nature of the injury, however, was such that death had either already occurred or took place before decedent reached the hospital.

A trial was had by a jury which found for the defendants. The charge of the court on which plaintiff assigns many of her claimed errors consumes 24 pages of the printed record, in which our attention is directed to the repetition, nine times, of varying explanations of the proposition that the burden of proof was upon the plaintiff.

In *Bowmaster* v. *William H. DePree Co.*, 252 Mich. 505, we had occasion to point out that unnecessary repetition in a charge is argumentative and prejudicial. An examination of this charge brings us to the same conclusion especially in view of the absence of any eyewitness other than defendants.

Since a new trial must be granted, we also note the following: Plaintiff had the right to call upon defendants to testify * and being eyewitnesses, the court properly charged that the question of due care on the part of plaintiff's decedent was one of fact and not of presumption. *Richardson* v. *Williams,* 249 Mich. 350.

Pedestrians are not required to cross streets or highways at designated intersections in the absence of statutory regulations. They have equal rights with automobiles in the use of public highways. *People* v. *Campbell,* 237 Mich. 424, 431. They must, nevertheless, exercise that care which reasonably prudent persons would use for their own protection and preservation. *Korstange* v. *Kroeze,* 261 Mich. 298.

The "assured clear distance" rule † is not confined, as stated in the charge, to the ability to observe *fixed* objects ahead; it includes *moving* objects as well.

"It is not enough that a driver be able to begin to stop within the range of his vision or that he use diligence to stop after discerning an object. The rule makes no allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range." *Thompson* v. *Southern Michigan Transportation Co.,* 261 Mich. 440, 447.

The width and condition of the street, the absence of other traffic and defendant's testimony that she first observed decedent 25 to 30 feet away, makes

---

* See 3 Comp. Laws 1929, § 14220.—REPORTER.
† See 1 Comp. Laws 1929, § 4697.—REPORTER.

inapplicable those portions of the charge pertaining to a situation where one steps into a street in front of or very close to an approaching car.

Plaintiff pleaded subsequent negligence and the unequivocal statement that plaintiff's decedent should be entirely free from any contributory negligence is at least contradictory and ambiguous in the light of other portions of the charge.

Six pages of the printed record are required to record a colloquy between members of the jury and the court as to the effect of the driver's failure to stop at the marked intersection. It is not clear just what the court meant by language which perhaps confused the minds of the jury. If it was intended that the jury disregard this violation of a statutory duty, such instructions were erroneous. A computation of admitted speed and distance shows that decedent was struck within $3\frac{1}{3}$ seconds after the car passed the stop sign, and such failure to stop therefore bears directly upon both the question of defendant's negligence and decedent's contributory negligence.

The court was in error in holding there was no evidential value in officer Mattson's testimony as to the time of decedent's death. While there are discrepancies in the testimony of this witness, it must be remembered that he was called to court after the loss of 24 hours' sleep and upon one occasion testified without the aid of the memoranda made at the time of the accident. He was a disinterested witness, having been called to the scene in the performance of his official duties, observed motion in the body, and the weight and credibility of his testimony should have been left to the jury. *Bos* v. *Gaudio*, 267 Mich. 517.

The court said:

"The burden is on the plaintiff. They have called her as a witness. They have not called any other witness to show anything about the facts," etc.

This language is inconsistent with that which appears earlier in the charge, following a statement of the undisputed facts.

It is elementary that the weight of testimony does not depend upon the number of witnesses and if we read the record correctly, no other witnesses could have been called by either party.

It was error to release Jane MacFarlane from liability, the car being operated at the time with her knowledge and consent and for the benefit of the joint owners. 1 Comp. Laws 1929, § 4648.

The court stated:

"There is no evidence in the case as far as the testimony shows that he (plaintiff's decedent) was on the sidewalk."

The testimony of Miss MacFarlane that decedent was on the curb when she first saw him made his whereabouts a question for the jury.

The judgment of no cause of action is vacated and a new trial ordered, with costs to appellant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.