## HANNA *v.* McCLAVE.

1. APPEAL AND ERROR — TRIAL — INSTRUCTIONS — NEEDLESS REPE-TITION.

On appeal from verdict and judgment for plaintiff administrator in action under survival act against motorist for injuries sustained by decedent pedestrian, consideration of instructions covering 20 pages of printed record is passed in so far as they contain no serious fault although there may be some needless repetition (3 Comp. Laws 1929, § 14040).

2. DEATH—DAMAGES—PAIN AND SUFFERING—AUTOMOBILES.

In action under survival act against motorist by administrator of estate of deceased pedestrian who suffered several fractures in bones of one leg, ribs, collar and shoulder bones and lived nearly a day, instruction that jury might consider pain and suffering as an element of damages *held,* not error where doctor who visited injured man testified he suffered extreme pain and was conscious part of the time notwithstanding injured man may not have exclaimed of pain (3 Comp. Laws 1929, § 14040).

3. TRIAL—BURDEN OF PROOF—INSTRUCTIONS—AUTOMOBILES.

In action by administrator of estate of deceased pedestrian against motorist, instruction that plaintiff had burden of establishing every element in his case by a preponderance of the evidence defined as "such evidence as when weighed with

that opposed to it has the more convincing force and from which it results that the greater probability is in favor of the person upon whom the burden rests'' *held*, not error.

4. SAME—INSTRUCTIONS—NEGLIGENCE—AUTOMOBILES.

Instruction defining negligence as the failure to observe for the protection of others that degree of care which the circumstances demand and whereby another person suffers an injury and as not the want of all care but merely the lack of ordinary care *held*, proper in action under survival act by administrator of estate of deceased pedestrian against motorist as against contention of latter that such definition could only apply to him and not decedent where supplemented by other instructions that plaintiff must prove by preponderance of evidence that his decedent was free from contributory negligence and that defendant was guilty of negligence proximately causing accident (3 Comp. Laws 1929, § 14040).

5. AUTOMOBILES—SURVIVAL ACT—QUESTIONS FOR JURY.

In action under survival act by administrator of estate of deceased pedestrian against motorist, matters of defendant's failure to stop, his rate of speed with pedestrian in full view and the want of warning of approach *held*, proper questions for jury (3 Comp. Laws 1929, § 14040).

6. DAMAGES—PERSONAL INJURIES—LOSS OF EARNING CAPACITY.

Verdict and judgment for $5,266.25 for plaintiff on retrial of action under survival act against motorist by administrator of estate of deceased pedestrian *held*, not excessive, where decedent suffered numerous bone fractures and extreme pain during a part of the day he lived, was 76 years of age, in good health and his work on the farm was worth $1.25 a day although he had been retired for 10 years; loss of *earning capacity* being an element of damages (3 Comp. Laws 1929, § 14040).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 10, 1935. (Docket No. 49, Calendar No. 38,580.) Decided December 10, 1935.

Case by Alexander Hanna, administrator of the estate of Samuel Hanna, deceased, against Irving McClave under the survival act for personal injuries

received by plaintiff's decedent, a pedestrian crossing a highway, when struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Rodgers & Dunn,* for defendant.

WIEST, J. This case has been here before, *Hanna v. McClave,* 271 Mich. 133. The point then passed upon is not again presented. Upon retrial plaintiff again had verdict and judgment thereon for $5,266.25. Defendant prosecutes review, alleging errors in the instructions to the jury, and avers an excessive verdict.

Our former opinion contains a full statement of the case and need not be repeated, beyond stating that plaintiff's decedent, a man 76 years of age, came out from a farm entrance, about 7 o'clock in the morning, onto the highway and started across the roadway, was struck by defendant's automobile and received injuries, causing his death about 4 o'clock the next morning. Defendant saw the man walking across the roadway and claims that, as he crossed the center and entered the pathway of the car, he swerved the car to pass behind him and the pedestrian started back and was struck by the car fender.

The instructions to the jury cover 20 pages of the printed record. It is difficult to so extend instructions without needless repetition and danger of faulty reiteration. Flaws, however, unless of serious moment, may be passed as innocuous effusions.

There was evidence that plaintiff's decedent suffered—"fracture of the right leg, both bones had been broken below the knee; the large bone, the tibia, was broken in two places, and he had * * * seven

fractured ribs; he had a fractured collar bone and a fractured scapula, that is the shoulder bone. * * * Some ribs were fractured in two places.''

The doctor, who attended the injured man up to 10 o'clock in the evening, testified that the injuries caused extreme pain and the patient was conscious at least part of the time.* Under this evidence there was no error in the following instruction:

''Also, if you find for the plaintiff, you may take into consideration as an element of damages * * * his physical and mental suffering at the time of the accident and during the succeeding hours that he lived—that is, if you find that he suffered any physical or mental pain and suffering; if he was conscious to the extent that he suffered, the plaintiff would be entitled to damages for that.''

A conscious man, with the injuries mentioned, need not exclaim of pain in the presence of one who visited him and found him conscious.

The court instructed the jury that the burden was upon the plaintiff to establish every element in his case by a preponderance of the evidence but, it is claimed, the court was in error in stating:

''Also by a 'preponderance of the evidence' is meant such evidence as when weighed with that opposed to it has the more convincing force and from which it results that the greater probability is in favor of the person upon whom the burden rests.''

The point is made that:

''This definition limited the preponderance of the evidence to a situation where its weight resulted in favor of the plaintiff. Under this definition it was impossible for the evidence to preponderate in favor of the defendant. As no burden of proof rested

* See the survival act, 3 Comp. Laws 1929, § 14040.—REPORTER.

upon the defendant, there could be no preponderance of evidence in his favor under this definition.''

The point is far fetched. There is no such burden upon the defendant and the instruction was not erroneous.

The court also instructed the jury:

''Negligence is defined as the failure to observe for the protection of others, or the interest of others, that degree of care, precaution and vigilance which the circumstances justly demand and whereby another person suffers an injury.

''Negligence is not the want of all care, but is merely the lack of ordinary care.''

It is urged that this definition of negligence was unilateral and could only apply to the defendant and not to the plaintiff and, under the definition, the plaintiff's decedent could not be guilty of negligence.

The instruction was proper and was supplemented by the following:

''So in this case before the plaintiff can recover he must establish by a preponderance of the evidence, first, that the deceased, Samuel Hanna, was not guilty of any negligence which contributed to the accident at that time, and, of course, the resulting injuries to the deceased; second, he must establish by a preponderance of the evidence that the defendant, Mr. McClave, was guilty of negligence which was the proximate or producing cause of the collision or the running into of the deceased, and the resulting injury. Both of these elements must be established by a preponderance of the evidence in favor of the plaintiff before he can recover.''

The failure of defendant to stop, his rate of speed with plaintiff's decedent in full view and the want of warning of his approach, were all proper questions for the jury.

It is also claimed: the court was in error—''in submitting to the jury the loss of earning capacity without regard to probability of future earnings where deceased had been a retired farmer engaged in no gainful occupation for 10 years.''

There was evidence that plaintiff's decedent did farm work, his health was good and his work on the farm was worth $1.25 per day. The point is ruled by *Pawlicki* v. *Railway Co.,* 191 Mich. 536, and *Foote* v. *Huelster,* 272 Mich. 194. We do not find an excessive verdict.

The judgment is affirmed, with costs to plaintiff.

POTTER, C. J., and NORTH, FEAD, BUTZEL, BUSH-NELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.