COOK *v.* VINEYARD.

1. TRIAL—COMMENT ON EVIDENCE BY JUDGE—TESTIMONY.

Trial court's comments in his instructions to the jury in action arising out of an automobile collision which occurred at 2 a. m. that witness who had testified she looked through her window and saw a car passing and then took a step before hearing a crash did not recognize make or owner of car which passed her house nor state just how much time had passed *held*, not erroneous under testimony presented (Court Rule No. 37, § 9 [1933]).

2. WORDS AND PHRASES—STEP.

A *step* is not an interval of time but is frequently employed to mean any short distance and is not employed literally in every instance.

3. TRIAL—COMMENT ON EVIDENCE BY JUDGE—INSTRUCTIONS.

A trial judge may comment on the evidence and the testimony but he must clearly indicate to the jury that his comment and opinion on the facts is not controlling, and that the ultimate determination is left to them (Court Rule No. 37, § 9 [1933]).

4. SAME—COMMENT ON EVIDENCE.

Court's charge which contained comments on evidence was not in error for failure to inform jury that their decision on the facts was controlling where comments were interspersed with statements that the jury should give the testimony such credit as they thought it merited (Court Rule No. 37, § 9 [1933]).

5. APPEAL AND ERROR—ERRONEOUS INSTRUCTION—VIEW OF PREMISES —EVIDENCE.

Court's inadvertent erroneous statement of defendant's claim as to location of depressions in tarmac-covered street near scene of automobile accident *held*, not reversible error where jury viewed scene of accident and testimony revealed the true conditions.

6. TRIAL—PREPONDERANCE OF EVIDENCE—BURDEN OF PROOF—IN-
STRUCTIONS.

Instruction in automobile accident case that plaintiff had burden
of proving his case by a preponderance of the evidence which
burden would be sustained if plaintiff's evidence was considered
to be entitled to greater weight than the evidence offered in
opposition to it was proper.

7. SAME—INSTRUCTIONS—PLAINTIFF'S BURDEN OF PROOF.

In automobile accident case an instruction that the jury must
be convinced beyond a reasonable doubt or must be absolutely
certain that plaintiff's version of the case was correct would
be improper.

8. SAME—PREPONDERANCE OF THE EVIDENCE—REPETITIOUS INSTRUC-
TIONS.

Seven references by the trial court to the fact that plaintiff must
prove his case by a preponderance of the evidence *held*, not
reversible error as undue repetition where four of the state-
ments complained of were given as the court defined and ex-
plained the term and the three remaining repetitions were
inserted incidentally as the court sought to explain other fea-
tures of the case and charge as given was a long one.

9. SAME—INABILITY OF JURY TO AGREE—COERCION.

Trial court's statement to jury which had deliberated five hours
and announced it was unable to agree that it meant a good
deal to the parties and the county to have it settled and then
urged reconciliation of their differences of opinion if they could
conscientiously do so in order to reach a verdict *held*, not error.

10. APPEAL AND ERROR—PREJUDICE—EXAMINATION OF WITNESS—
STRIKING TESTIMONY AFFECTING DAMAGES.

In action arising out of automobile collision in which plaintiff
claimed damages for impairment of the use of his right arm,
defendant's examination of a witness, asserted to have been
offered in good faith, relative to personal encounter of witness
with plaintiff in which witness was knocked down, *held*, not
reversible error, where jury was instructed to disregard the
testimony because witness did not know which hand plaintiff
had used, since no prejudice resulted and testimony, even if
considered, related only to extent of damages, not right to
recover, and jury found for defendant.

11. SAME—MISCARRIAGE OF JUSTICE.

Although case may present some irregularities which do not ap-
pear to be of a prejudicial nature, where jury was fully and

fairly instructed and verdict seems in harmony with evidence presented, Supreme Court will affirm judgment since no miscarriage of justice has resulted.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 10, 1939. (Docket No. 99, Calendar No. 40,778.) Decided December 19, 1939.

Case by Dan Cook against Charles Vineyard, by Frank Vineyard, his guardian *ad litem,* and Frank Vineyard for personal injuries sustained in an automobile accident. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Leo W. Hoffman,* for plaintiff.

*Harry C. Howard* and *Harry Pell,* for defendants.

CHANDLER, J. This is a personal injury suit brought by plaintiff to recover damages sustained as a result of an automobile collision between a car owned and driven by him and a car driven by Charles Vineyard but owned by his father, Frank Vineyard, both of whom are defendants herein.

The accident occurred about 2 o'clock a. m. on May 22, 1938, on Ely street, a county tarmac road, just within the residence district of Allegan, Michigan, a short distance from the city limits. Plaintiff, aged 22, was driving a Ford V-8 roadster with three passengers, a boy 21 years of age and two slightly younger girls, occupying the same seating compartment with him, and was proceeding in a northeasterly direction towards the business district of Allegan. The defendant, Charles Vineyard, aged 16, accompanied by two boys, aged 18 and 21, was driving a Nash-Lafayette sedan in a southwesterly direction on the same street. The testimony indicates that there was a curve in the street located between 150

and 200 feet northeast of the scene of the accident. In addition, the road near the point of collision contained several small depressions extending across the entire width of the tarmac, said depressions being about one foot wide and two or three inches deep. These depressions had resulted from the removal of tarmac and dirt during pipe laying operations, refill of the dirt and subsequent settling thereof. The testimony shows that most of these depressions were on the side on which plaintiff was approaching at the time of the accident.

Plaintiff claims that he was driving between 40 and 45 miles per hour just outside the city limits, but that he had slowed down to some extent as he entered the city. Defendant says he was driving at an approximate speed of 40 miles per hour just prior to the accident, but had slightly decreased speed before the impact. Both drivers contend that they were on their own side of the highway and that the opposite party suddenly veered to the left of the center of the highway, thereby producing the collision and resultant damage.

The trial on which this appeal by the plaintiff is founded resulted in a verdict by the jury of no cause of action. Plaintiff's motion for a new trial was denied. Plaintiff's assignments of error pertain chiefly to alleged errors in the court's charge to the jury and certain conduct of defendant's counsel which is asserted to have been prejudicial to plaintiff's cause.

Counsel for plaintiff assigns as error certain comments of the trial judge, in his charge, with reference to the testimony of plaintiff's witness, Cecile Ter Harr. Counsel claims certain prejudicial misstatements were made and that the court erred in not instructing the jury that his comments upon the evidence were not binding upon them.

The portion of the charge complained of reads:

"Now she testified that a car, she didn't pretend to know whose car it was, she didn't say, she didn't know, she couldn't tell, a car went by at two o'clock in the morning, she couldn't tell by looking through the window whose car it was, but she did testify that some car went up around the hill and went up quite fast, I think she testified to its rapidity, and that that car she saw turned across the street as if it were going into Knapp street to the left, but afterwards turned back into the center of the road, and then she didn't see it any more. Now, of course, she doesn't say that the car was Mr. Vineyard's car, she doesn't say anything about seeing the accident or seeing that car any more down the road, and I am going to leave it to you whether under all the circumstances of the case, whether you think, or whether you believe from the testimony here that was the Vineyard car. At that time she had looked down the road to her left, she didn't see Mr. Cook's car coming, and she didn't see any more of that car and she turned around and then later she heard a crash, but just how much time had passed we don't know, so I will say to you that this testimony ought not to be entitled to a great deal of weight, but you give it such weight as you think it is entitled to, that is up to you, because she doesn't pretend to know whether that was the Vineyard car that was in the accident or not, she doesn't know, still, if you think her testimony does give you some added assistance in the case, why give it such credit as you think it is entitled to."

Mrs. Ter Harr testified:

"*Q.* At that time [when she saw the car go past her house] did you know what kind of a car it was?

"*A.* No, I couldn't tell, only I knew it was a larger car than — I knew it was not a coupe, I knew it was either a sedan or coach."

After the witness heard the collision, she saw the cars involved and stated one of them was the car that

had passed her house. This was an inference, because she had not watched the car continuously to the point of impact. Actually, when the witness first observed the car, she did not recognize its make or owner. The court's comment in that respect was not prejudicial.

Complaint is made because the court said,

"She didn't see any more of that car and she turned around and then later she heard a crash, but just how much time had passed we don't know."

The witness testified:

"*Q.* When did you lose sight of him?
"*A.* When I stepped away from the window, I was going out into the dining room, I just took a step and didn't pay any more attention to him.
"*Q.* Well then, after you went back to the dining room what happened?
"*A.* I had only taken a step away from the window and I heard a crash."

Although it is likely that the interval between the moment the witness stepped from the window and the time when she heard the crash was slight, still the *exact* time was uncertain, and might have been one, or several seconds. A step is not an interval of time. The term is frequently employed to mean any short distance, and is not employed literally in every instance. Hence, the foregoing comment of the court was not erroneous.

The trial judge, in his charge, may comment on the evidence and the testimony (Court Rule No. 37, § 9, [1933]), but he must clearly indicate to the jury that "his comment and opinion on the facts is not controlling, and that the ultimate determination is left to them." *People* v. *Lintz,* 244 Mich. 603, 618. The appellant contends the trial judge failed to make it

clear to the jury that their opinion of the testimony, and not his, was controlling. Examination of the court's charge discloses that its comments were interspersed with statements that the jury should give the testimony such credit as they think it merits.

Error is assigned because a portion of the court's statement of defendants' claim was contrary to the evidence. The court stated, ''Now, the defendant, of course, here claims that he hadn't gotten to one of those trenches yet, as he went southwest he hadn't reached any of them yet, and of course, you have the testimony on that subject.'' Although the testimony of all witnesses does not agree, the defendant, Charles Vineyard, testified that the trenches were on *both sides* of the point of collision, but more on plaintiff's side than defendant's. The court's statement, therefore, was erroneous, but in view of the testimony which was heard by the jury and the fact that the jury's visit to the scene of the accident revealed the true conditions, we do not think prejudice to plaintiff's cause resulted from the court's inadvertence.

Error is assigned because the court gave what appellant claims was a misleading instruction as to the meaning of preponderance of evidence, and unduly repeated that the plaintiff must prove his case by a preponderance of evidence. As to plaintiff's case, the jury was instructed,

''The burden is on him to prove it by a preponderance of the evidence, by evidence that satisfied you that it is entitled to greater weight than the evidence offered in opposition to it, that would be preponderance of evidence.''

This explanation was not in conflict with substantially similar definitions heretofore approved by our

court. *Hoffman* v. *Loud,* 111 Mich. 156; *Hanna* v. *McClave,* 273 Mich. 571. Continuing, the trial court said,

"If, after you have heard all the testimony in this case as to how the accident happened and you think or are satisfied that the evidence weighs just as heavy on one side as on the other, and that you are in doubt as to how the accident happened, then in that case the plaintiff has not proved his case by a preponderance of the evidence, and your verdict, of course, then would be no cause of action, because the plaintiff has to establish his case by a preponderance of the evidence, evidence that you think is entitled to greater weight or consideration than the evidence offered against it."

Nowhere did the court state that the jury must be convinced "beyond a reasonable doubt," or must be absolutely certain that plaintiff's version of the case was correct. Manifestly, that would be improper. *Carpenter* v. *Lennane,* 166 Mich. 610; *Hoffman* v. *Loud, supra.* Instead, the jury was clearly instructed that plaintiff's burden of proof was sustained by a preponderance of the evidence if plaintiff's evidence was considered by the jury to be entitled to greater weight than the evidence offered in opposition to it. The language used could not lead the jury to infer that something more than a mere preponderance was required.

The brief of plaintiff lists seven references by the trial court to the fact that plaintiff must prove his case by a preponderance of the evidence, and, it is urged, such undue repetition is reversible error, relying on *Bowmaster* v. *William H. Depree Co.,* 252 Mich. 505, and *Buchel* v. *Williams,* 273 Mich. 132. Four of the statements complained of were given as the court defined and explained the term. The three

remaining repetitions of the rule were inserted incidentally as the court sought to explain other features of the case. The charge to the jury is a long one, occupying 21 pages of the printed record. As was said in *Hanna* v. *McClave, supra,* where the instructions were 20 pages in length, "It is difficult so to extend instructions without needless repetition and danger of faulty reiteration. Flaws, however, unless of serious moment, may be passed as innocuous effusions."

Plaintiff claims that the whole charge was argumentative, repetitious and prejudicial. Counsel's discussion is principally a restatement of alleged errors heretofore treated. One point, however, deserves mention. After the jury had deliberated a portion of one afternoon and all of the following morning, approximately five hours altogether, and had finally announced their inability to agree, the court instructed that they should give further consideration to the case, saying,

"It means a good deal to both parties to have it settled, and it means something to the county to have it settled. While I don't want you to go against your own conscience, I do want you by argument with each other to come to a conclusion as to what is just and right in this case."

Although there is considerably more to the court's further instructions, the substance of it was unobjectionable. Nothing was said to prejudice the verdict. The jurors were merely urged to reconcile their differences of opinion as far as they could conscientiously do so in order to reach a verdict. This was not error. *Bentley* v. *Shifflet, Cumber & Co.,* 238 Mich. 5.

Certain testimony of a witness for the defendants and the line of questioning adopted by defendants'

counsel is alleged to have been prejudicial. The testimony concerned a personal encounter between plaintiff and the witness at a time subsequent to the accident in which plaintiff knocked the witness down with a blow of his fist. The plaintiff sustained in this accident certain injuries which he claimed prevented to a very high degree the use of his right arm and testimony was offered for the purpose of showing that plaintiff was able to use his right arm to a greater extent than he had testified. It developed during the examination of this witness that he was not absolutely certain as to whether plaintiff used his right arm or left arm in the blow which felled the witness, but the witness thought that plaintiff struck with his right fist. When this uncertainty became evident, the jury was excused while further questioning and discussion occurred before the trial judge. The court then recalled the jurors and instructed them to disregard the testimony already given by the witness because he didn't know definitely which hand plaintiff had used in striking the alleged blow. Counsel for defendants aver that the witness was offered in good faith. Although some of the questions asked by defendants' counsel were objectionable, no prejudice resulted in view of the fact that the testimony was stricken, which, even if considered, related only to the extent of plaintiff's injury and not to his right to recover. *Watkins* v. *Phelps,* 165 Mich. 180.

Although the case presents some irregularities, they do not appear to be of a prejudicial nature. The jury was fully and fairly instructed, and the verdict seems to be in harmony with the evidence presented. We said in *Miskiewicz* v. *Smolenski,* 249 Mich. 63, 70:

"Plaintiff's counsel claim that a large number of errors were made by the trial judge, both in his rul-

ings on the evidence and his charge. Unless we are satisfied, after the examination of the entire cause, that it shall appear that the errors complained of have resulted in a miscarriage of justice, it becomes our duty to affirm the judgment of the lower court.''

After a careful examination of the entire record in this cause, we are satisfied that none of the errors complained of resulted in a miscarriage of justice * and that the verdict finds ample support in the testimony.

Judgment affirmed, with costs to defendants.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 15518 (Stat. Ann. § 27.2618).—RE-PORTER.