LOUDERMILK et al.

v.

FIDELITY & CASUALTY CO. OF NEW YORK.

No. 14633.

United States Court of Appeals Fifth Circuit.

Nov. 10, 1953.

Rehearing Denied Dec. 22, 1953.

G. Seals Aiken, Atlanta, Ga., for appellants.

H. D. Russell, T. Reese Watkins, John B. Harris, Jr., Harris, Russell, Weaver & Watkins, Macon, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

When this cause was here before[1] it was on the appeal of defendants Loudermilk and Brooks, from a summary judgment in plaintiff's favor. Saying:

"This is not the kind of case that can be settled on summary judgment. It is peculiarly the kind of case where the triers of fact whose business it is not only to hear what men say but to search for and find the roots from which the sayings spring, should be afforded full opportunity to determine the truth and integrity of the case."

We rejected the contention respectively of appellants and appellee that the case admitted of determination as matter of law. We then went on to say,

"The judgment is reversed and the cause is remanded for a full trial on

1. Loudermilk v. Fidelity & Casualty Co., 5 Cir., 199 F.2d 561, 565.

the issues tendered, including a determination of the single claim of fact tendered in the plaintiff's petition, whether or not in fact there was an acceptance of the policy, or whether, if there was no acceptance, this was brought about by collusion with the insurance company in an attempt to defraud the plaintiffs in the damage suit, or, if not in collusion with the plaintiff, as a result of the Tingles being overreached by the insurance company and its agents."

That decision and the mandate putting it into effect was and is the law of the case.

■ This time the same defendants are appealing from a jury verdict in plaintiff's favor rendered after a full trial, conducted painstakingly and precisely in accordance with the court's decision and mandate and upon evidence not substantially different from that which we held on the former appeal forbade the entry of judgment as matter of law and required a jury verdict.

It will not do then, as appellants endeavor to do, to urge upon us that the case should not have been submitted to the jury for their verdict but should have been withdrawn from their consideration by the direction of a verdict in defendants' favor. We, therefore, reject, as presenting nothing of substance for our consideration, appellants' points one, two, eleven, twelve, and nineteen, on which they rely for reversal and rendition, that the court erred in not directing a verdict in their favor.

We turn then to appellants' claims of procedural error to determine whether, considered severally and as a whole, they make a showing of error requiring reversal of the judgment and remand of the cause for trial anew.

Testing each of these claims carefully for error by an examination of the record as a whole, we are of the clear opinion, for the reasons hereafter briefly stated, that, taken singly or as a whole, they make no showing of reversible er-

ror. On the contrary, we think the record makes crystal clear that the district judge with scrupulous fidelity to the teachings of our decision and the authority of our mandate, and with commendable patience, acumen and restraint, conducted the trial throughout with fairness and correctness and with an eye single to conducting it as near as might be in accordance with the law as our opinion has declared it and our mandate has made binding upon him.

In the light of the showing in this regard made by the record, including particularly the elaborate and detailed instructions given in the charge, most, if not all, of the complaints leveled at the conduct of the trial appear to tithe mint, anise and cumin, neglecting the weightier matters of the law. A specific word or two about these claims of error will, we think, make this clear.

■ Four of the claimed errors, appellants' brief points five, six, seven, eight and nine, deal with charges, two requested by the plaintiff and given by the district judge, and three requested by defendants and refused. As to those requested by defendants and refused, it is sufficient to say that, assuming without deciding that they were correct charges, the court's general charge fully, fairly and faithfully presented all the issues in the case, and the failure to give the requested charges could not have been prejudicial error. As to those requested by the plaintiff and given, it is quite clear that they were correct statements of law and that charges of the kind given were called for on the record in the case.

■ With respect to the procedural matters which appellants labor the most, appellants' brief points fourteen, sixteen and seventeen, the action of the court in confining the trial of the case to the issues germane to it by excluding from it evidence as to matters which were properly triable only in the damage suits which appellant had brought against the Tingles, it is sufficient to say that there was no error in any of the complained

of actions and rulings. Indeed, they were in exact accord with the opinion of this court in Royal Indemnity v. Rexford, 5 Cir., 197 F.2d 83, in which a judgment in a case similar to this one was reversed because the court had admitted evidence relevant only in the damage suit. Moreover the record shows plainly that defendants' counsel expressly agreed with the substance of the ruling of the district judge that evidence of the kind he now makes the subject of his claim of error was not admissible or proper.

As to appellants' complaints that plaintiff's counsel, in his opening statement, was allowed to make improper and prejudicial statements, and the defendants' counsel, in their opening statement, were unduly limited, an examination of the record wholly refutes this claim.

As to the statement of the counsel for the plaintiff, no objection whatever was made to it, and as to the action of the court when objection was made in the course of the statement of defendants' counsel, nothing could be farther from the real truth of the matter than the claim that there was undue interference with defendants' counsel and undue prejudice visited on him by the court's action.

The same lack of merit marks the claims of error dealt with in points thirteen, fifteen, and eighteen; point thirteen, the action of the court in confining defendants' examination of witnesses to issues which were within the scope of this trial as distinguished from the trial of the damage suit; point fifteen, the court's refusal to exclude Miss Tingle's statement that in her opinion the Tingles were not at fault for the accident; and point eighteen, directed at the remark of counsel for appellants made during examination of one of defendants' witnesses upon the issue of the amount of the fee that should be allowed for defending the action.

None of these objections, in short, go to matters of serious moment. Under the rule controlling this court in hearing appeals, all of these claims if not frivolous, are too unsubstantial to form the basis of a reversal of a judgment in a cause carefully tried as this one was under the directions of a mandate issued on the former appeal.

█ In Maryland Casualty Co. v. Reid, 5 Cir., 76 F.2d 30, 33, this court thus stated the rule controlling here:

"This court, as to law cases, is a court of error. We do not retry the case. We review the record made in it for reversible error, error by the judge in conducting or failing to conduct the trial, which has, by permitting the case to get out of bounds, prejudiced the just result. In this review we are guided by [Sec. 391, Title 28 U.S.C.A.][2] We do not reverse cases for insubstantial error. Abstract inerrancy is hardly possible in the trial of a case in the federal court; it is never an essential to a valid trial there. Jennings v. U. S., 5 Cir., 73 F.2d 470; Community Natural Gas Co. v. Henley, 5 Cir., 54 F.2d 59. Too much is said and done about too little in the heat and hurry of a trial, for it all to be important. Things of no moment in their transpiring are not made momentous merely by making record of them. Therefore, though the District Judge is an administrator primarily charged with the just conduct of the trial, he may not ordinarily be put in error merely because an aberration from trial rules.

**2.** This section provides:
"All United States courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law. On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." [Now Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A.] Cf. Gillis v. Keystone Mutual Casualty Co., 6 Cir., 172 F.2d 826, at page 830, 11 A.L.R.2d 455.

has occurred. It is the duty of counsel by objection to call such threatened or actual departure to the judge's attention, and invoke his corrective action, and, if overruled, to make it appear that prejudice has resulted."

No reversible error having been made to appear, the judgment is

Affirmed.