George **DEMPSEY**, Appellant,

v.

Sophie **HEISE**, d/b/a Sophie's Tavern, and The Michigan Surety Company of Lansing, Michigan, Appellees.

No. 13233.

United States Court of Appeals Sixth Circuit.

Jan. 7, 1958.

Robert J. Nolan, of Mortimer, Nolan, O'Malley & Dunne, Chicago, Ill., for appellant.

Clayton F. Jennings, of Jennings, Fraser, Parsons & Trebilcock, Lansing, Mich., for appellees.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This is an action for $300,000 damages for personal injuries received by the plaintiff-appellant in an accident late at night while he was riding as a guest passenger in an automobile owned and operated by co-defendant Ronald Travor. The automobile ran off a winding road, it being alleged that the defendant Travor was driving the car at the time, while he was under the influence of intoxicating liquors, and that he was driving at an excessive and unlawful rate of speed. In the second count of the complaint, appellant alleged that appellee Sophie Heise, or her agent, sold, furnished, gave or delivered intoxicating liquor to Ronald Travor, who was at the time a minor and intoxicated, or, in the alternative, was at that time intoxicated, as the result of which Travor operated the automobile in such manner as to cause injuries to the plaintiff-appellant. Wherefore, the plaintiff sought judgment against appellee Sophie Heise in the sum of $300,000 and against her surety in the sum of $5,000. The jury returned a verdict of no cause

of action; wherefore, the district judge dismissed the case.

Appellant avers that the instructions of the district judge to the jury were unnecessarily and prejudicially repetitious and that the court's admonitions to the jury against sympathy were prejudicial, because they created "in the minds of the jury a requirement for higher quality of proof in the case where a juror's sympathy would naturally be elicited for one of the parties."

As pointed out by the district judge in his charge to the jury, the cause of action of the plaintiff was based on a statute of Michigan in which it is provided that no person licensed under the laws of the State of Michigan shall sell, furnish, give, or deliver any alcoholic liquor to any adult person who is at the time intoxicated. The United States District Judge also stated correctly that the statute provided that any person injured by reason of such unlawful selling, giving, or furnishing to any intoxicated person of any intoxicating liquor shall have a right of action against the person who shall by any such unlawful selling or giving of any such liquor have caused or contributed to any such injury. [Act 8, Mich. Pub.Acts of 1933, as amended by 219 Mich.Pub.Acts of 1951, section 22, Comp. Laws Supp.1956, § 436.22 (M.S.A. § 18.993.)]

Appellant insists that the court's charge was prejudicially repetitious, in that the court made twenty-one statements pointing to the necessity of proof that appellant made an illegal sale of liquor; that this misled the jury and constituted an argument by the court on behalf of the defendant, in giving undue prominence to the theory of defendant that the sale was to a person not intoxicated at the time of the sale.

We find no merit in this argument. It was necessary, in order to hold appellee liable for injury to the plaintiff resulting from Travor's driving, that it be made plain to the jury that appellee Heise or her agent sold, furnished, or gave alcoholic liquors to Travor while he was intoxicated. Considering carefully

the charge of the district judge in the light of this duty, we find no over-emphasis to the degree of unfair prejudice to appellant. We find no merit whatever in the averment of appellant that the court committed error in admonishing the jury that its verdict must not be rendered because of the natural sympathy which all must have for the plaintiff, or because of prejudice or passion. Nor was it error for the judge to say to the jury: "The mere fact that the plaintiff has been seriously injured does not, in itself, create liability on the part of the defendant to the plaintiff to respond to him in damages."

There being no reversible error in the charge of the court or in the conduct of the trial, the judgment of the district court is affirmed.