Lane FRANKLIN, Appellant,

v.

Ruben DELGADO, Appellee.

No. 17257.

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1959.

**440**

John A. Grambling, Allen R. Grambling, Morris A. Galatzan, El Paso, Tex., W. C. Whatley, Las Cruces, N. M., for appellant.

Edward E. Triviz, Las Cruces, N. M., Joseph A. Calamia, El Paso, Tex., J. Benson Newell, Las Cruces, N. M., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment entered upon a jury's verdict awarding damages in the amount of $19,000.00 against Franklin and in favor of Delgado.[1] The questions presented concern: (1) the sufficiency of the evidence to sustain the verdict; (2) certain rulings upon admissibility of evidence; (3) certain objections to the court's instructions and failure to instruct the jury. We affirm the judgment.

Delgado was a Mexican employed by Franklin as a farm laborer and handyman on a farm in Luna County, New Mexico. A truck on which was mounted a crane had been used by Franklin and Delgado in the installation of a water tank on the premises. They were en route to deliver the truck and crane to a neighboring farmer. Franklin was driving. He stopped the truck some distance from some overhead electric wires, and directed Delgado to get out of the truck and go forward to a point where he could observe the truck and crane as they approached the wires and to notify Franklin if the crane would not pass under the wires. When the crane was a short distance from the nearest wire, Delgado motioned to Franklin to stop the truck, which Franklin did. While Franklin was looking up at the wire, Delgado attempted to get back up onto the truck. At least one of his feet had reached the running board of the truck when the accident occurred. The crane either came in contact with the wire, or electricity arced from the wire to the crane grounding through Delgado's body and throwing him clear of the truck. Franklin motioned for him to lie still and jumped from the truck to the ground. He found Delgado severely burned and injured. The crane was then in contact with the wire which had welded or "froze" to the crane. Franklin got help from his neighbor farmer, had Delgado carried to a hospital, and had his neighbor call the electric power company to turn off the current so that he could remove the truck and crane from the danger of the wire.

■ There was substantial evidence from which the jury could find Franklin guilty of negligence in any one of several particulars: (1) he failed to follow a rea-

1. Appellant and appellee will be referred to by their last names.

sonably safe method or course of operation either by using an available alternate route, by lowering the crane, or by having the current cut off; (2) after first stopping, he moved the truck so that the crane came into contact with or dangerously close to the electric wire; (3) his knowledge of the danger was superior to that of Delgado, and he failed to warn Delgado.

Franklin, testifying as an adverse witness for Delgado, admitted the availability of an alternate, but less convenient, route; and he admitted that with some time and trouble the crane could be lowered or the electric current cut off.

Franklin denied that, after first stopping at Delgado's signal, he had moved the truck, but Delgado testified to the contrary, and that issue was for the jury.

Franklin admitted knowing that the wire carried an extremely high voltage of electricity, from 10,000 to 13,000 volts. Franklin himself was saved from harm because the rubber tires on the truck insulated it from the ground. Delgado was twenty-nine years old. He had received a primary school education in Chihuahua, and had come from Mexico to the United States to work for about a year on Franklin's farm. During that year he had worked with electrical or power driven carpentry tools operated at 110 volts. He had had no other experience with electricity and none with high voltage wires. A day or so before the accident, as he approached some wires, Franklin had had Delgado get up on the ladder portion of the crane to raise them with a shovel handle. Franklin knew that those were low voltage telephone wires, but Delgado denied any such knowledge and denied knowing that those wires were different from the one which caused his injury. On another prior occasion, Delgado had been with Franklin when the crane hit and broke some wires without further untoward result. Delgado testified that he thought that, on the occasion of his injury, Franklin was having him determine if the crane would clear the wire simply to avoid breaking the line, and that he did not realize that the wire was dangerous. Franklin admitted that he gave Delgado no warning. The truck was in the wide open spaces and Delgado's only means of transportation were by foot or by the truck. Franklin could reasonably have anticipated that Delgado would return to the truck and attempt to board it.

That the issues of negligence and of contributory negligence were for the jury so clearly appears that it would be superfluous to discuss the many analogous cases collected by diligence of counsel on either side.

Delgado's attorney asked the electrical engineer who was placed on the stand by Franklin:

"Q. Now, assuming that if this truck was being propelled towards the wire, and with this steel or iron boom up at a place where it would strike the wire and break it, what would be the effect of anybody that might be struck with that wire standing on the ground?"

Franklin's counsel objected because, "There is no evidence of any wire that was broke in this particular thing or that it fell on the ground." The court overruled the objection and the witness answered:

"A. * * * It would be the same as any other case. If the man's body became a part of the path between an energized wire and the ground, then it would be the effect of electrocution.

"Q. In other words, if a person was standing on the ground, as this plaintiff was, at the time that wire had broken and hit him and charged with that voltage he would have received a shock, wouldn't he?

"A. Yes.

"Mr. Grambling: We will object to that. There is no evidence that he was standing on the ground or that any wire broke, certainly that is not in evidence.

"The Court: Objection overruled. This is an expert and this is cross-examination."

The witness had just testified that the wire itself when it welded or "froze" to the crane would have burned in two "if the faulty condition lasts long enough." In determining the issue of negligence vel non, the jury was not confined to the precise manner in which the injury occurred. We think that the evidence was competent. If there was error, it was harmless.

■ Franklin's counsel objected to the following instructions given by the court to the jury:

"Further, a master must take reasonable precautions to protect his servant or employee from injuries and give reasonable warnings or signals to a servant or employee in a dangerous position as a reasonably prudent man would deem necessary under the circumstances. The degree of care required on the part of the master should be measured by the danger to be apprehended or avoided. * * * The law devolves upon a person dealing with highly dangerous activities, such as high tension electrical wires, to use every means at his command to avoid possible injury to persons acting for them and to warn them of any danger apparent or known to the master."

The objections were not well taken because they were based on premises which we have held were erroneous, viz.: that Franklin could not reasonably anticipate that Delgado would attempt to get back up on the truck, and that Delgado knew of and appreciated the danger as well as did Franklin. It is elementary that the degree of care required is commensurate with the danger reasonably to be anticipated. Atlantic Coast Line R. Co. v. Dixon, 5 Cir., 1951, 189 F.2d 525, 527; 65 C.J.S. Negligence §§ 11(3), 84, subds. a, b, 89; 18 Am.Jur., Electricity, § 48.

■ Franklin's counsel objected to the following instruction given by the court to the jury:

"If you find and believe that a reasonable and prudent person in the position of the Defendant, Mr. Franklin, as the employer of the Plaintiff, would have, before undertaking to get close to the electric wire in question, had the crane or boom lowered to a lower or more practicable point and that the Defendant was negligent in not doing so and that by reason of such negligence, if any, the Plaintiff was exposed to danger without warning with respect thereto and without instructions as to how such danger could be avoided, then the Defendant as his employer cannot be relieved from liability on the ground that the Plaintiff was injured by reason of his own negligence where his alleged negligent act was directly caused by the master's negligence in exposing the Plaintiff to such danger and you should then find for the Plaintiff, unless you find the Plaintiff was guilty of contributory negligence under later instructions I give you, in which event you will find for the Defendant."

■ The instruction was not erroneous, but was in accord with the principle well stated in 56 C.J.S. Master and Servant § 291:

" * * * An employer will not be relieved from liability on the ground that the servant was injured by reason of his own negligence where his alleged negligent act was directly induced by the master's negligence in exposing the servant to dangers without any warnings with respect thereto and instructions as to how they could be avoided."

■ Finally, Franklin urges that the court erred in refusing to give a requested charge on unavoidable accident.

Clearly, we think, the jury could not reasonably have found that the accident

was unavoidable; it resulted from negligence either of Franklin or of Delgado, or of both. The district court, therefore, properly refused to submit the issue of unavoidable accident. Gulf States Utilities Co. v. Wuenscher, Tex.Civ.App.1934, 72 S.W.2d 682. Further, the refusal to submit that issue did not affect the substantial rights of the parties. See Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A.

We find no reversible error in the record, and the judgment is

Affirmed.