Gerald BROWN, Plaintiff-Appellant,

v.

ADDRESSOGRAPH–MULTIGRAPH CORPORATION, a Delaware Corp., Defendant-Appellee.

No. 14560.

United States Court of Appeals Sixth Circuit.

March 19, 1962.

William Weinstein, Detroit, Mich., Gussin, Weinstein & Kroll, Detroit, Mich., of counsel, for appellant.

W. P. Cooney, Detroit, Mich., Ward, Plunkett & Cooney, Detroit, Mich., of counsel, for appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Plaintiff-appellant, Gerald Brown, appeals from judgment for defendant-appellee, Addressograph-Multigraph Corporation, entered upon a jury verdict. Plaintiff sought damages for personal injuries suffered in an accident occurring at Detroit, Michigan. This is a diversity case. Appellant charges error in the District Judge's failure to give the jury some requested instructions, and he claims that the judge's charge, as given, unduly emphasized, and too frequently referred to, which of the factual findings by the jury would call for a verdict for defendant.

Appellant's brief correctly asserts, "The case is a relatively simple one." Plaintiff, twenty-one years old, had worked in his father's store, Thomas Music Supply Company, since he was thirteen years of age. He worked there full time after leaving high school. He had operated machines in the store for upwards of five years. One of these was an addressograph-multigraph machine manufactured by defendant. On the day of his injuries, plaintiff found that this machine was not working properly. He called defendant's office, which sent a serviceman to make necessary repairs. In the course of making repairs, the serviceman removed a safety cover, thus exposing some gears. The evidence was in dispute as to the extent to which plaintiff participated in the work of the serviceman, and whether he observed the removal of the gear cover. After making an interchange of parts, the serviceman, to test the sufficiency of his repairs, started the machine. Thereupon, the plaintiff, controlling the flow of ink to the machine, leaned against it and "his hand slipped down a little bit and rolled into the grease. Whereupon, his * * * finger was caught in the exposed gears and mangled." (Stipulation of facts). Plaintiff testified that he did not know that the gear cover had been removed and that he did not see that it was off when his hand slipped. His injury necessitated the amputation of the first phalanx of his left little finger. He was off work for several weeks. He brought suit for $50,000.00, charging loss of wages, pain and suffering, and a personality

change flowing from the humility consequent upon the deformity of his little finger.

■ 1) *Inadequate Instructions.* The district judge's charge was in general terms. It defined the issues of the case and advised the jury as to the rules which should govern their deliberations. Its vice, if any, was in its failure to relate with particularity the rules of law to the specific facts of the case. The district judge refused plaintiff's requests numbered 2 to 5, inclusive. Request number 2 was a statement of plaintiff's claim that defendant's serviceman "knew that the safety cover was taken off." This was an undisputed fact, obviously known to the jury. Such request further advised that it was plaintiff's claim that the serviceman "had the duty to have replaced the cover before operating the machine" or, in the alternative, that he had the duty "of warning the plaintiff of the exposed danger." A litigant is entitled to have a trial judge tell the jury of his claims, and theory of law, if stated succinctly and without argument. Heerman v. Burke, 8 Cir., 266 F.2d 935. Camden Fire Insurance Company v. Kaminski, 352 Mich. 507, 90 N.W.2d 685. However, in the uncomplicated context of this case, we are not persuaded that any prejudice was visited on this plaintiff by the trial judge's refusal of such proffered instruction. We do not believe that it can be said that, "it soundly appears that such an instruction is needful to enable the jury to intelligently determine the question." Chicago & N. W. Ry. Co. v. Green, 8 Cir., 164 F.2d 55, 61. We are of the same opinion as to plaintiff's request number 3, that the defendant had a duty "to repair the machine in a careful and prudent manner." The Court's charge contained standard definitions of negligence and contributory negligence, with correct exposition of the degree of care and prudence required. From our review of the issues which were before the jury, we are of the opinion that even though the above requested instructions were proper, the refusal of them in this case does not appear to us "inconsistent with substantial justice." Rule 61, F.R. Civ.P., 28 U.S.C.A.; Messer v. L. B. Foster Company, 254 F.2d 412, 414 (C.A.5, 1958); Franklin v. Delgado, 262 F.2d 439, 443 (C.A.5, 1959); Employers Liability Assurance Corp. v. Freeman, 229 F.2d 547, 552 (C.A.10, 1955); Loudermilk et al. v. Fidelity & Casualty Co., 207 F.2d 881, 882 (C.A.5, 1953); Mid-Continent Pipe Line Co. v. Whiteley, 116 F.2d 871, 877 (C.A.10, 1940); Gerhart v. Henry Disston & Sons, Inc., 290 F.2d 778, 795 (C.A.3, 1961).

■ Requests 4 and 5, in effect, would have charged that as a matter of law the removal of the gear cover created a danger and that if the serviceman knew of such danger he had a duty to replace the cover before operating the machine, and that if he knew of the plaintiff's presence in the area, it was his duty to warn the plaintiff of the exposed gear. It was for the jury to determine whether, under the version of the facts found by them, the removal of the cover created a danger, and whether it was necessary for the serviceman to have warned plaintiff. Cases cited by appellant, Clement v. Crosby & Co., 148 Mich. 293, 111 N.W. 745, 10 L.R.A.,N.S., 588; Comstock v. General Motors Corp., 358 Mich. 163, 99 N.W.2d 627, 78 A.L.R.2d 449; Young v. Lee, 310 Mich. 42, 16 N.W.2d 659, announce Michigan law, but deal with inherently dangerous situations which would not be apparent to a person exposed to them. We do not think that the jury should have been told that, as a matter of law, the removal of the cover created a danger of which the plaintiff, who was familiar with the machine and had operated it, should have been warned.

■ Plaintiff's request No. 8, relating to plaintiff's contributory negligence, was as follows:

"I further charge you that an act which may look dangerous, when viewed in retrospect, especially by those not wholly familiar with the conditions of the work of a particular business, may be but ordinary incidents of operation, and you have a right to take this into consideration

in determining whether or not the plaintiff was guilty of any contributory negligence. In other words, this simply means that the law does not allow you to look back in hindsight in reviewing the actions of the plaintiff, but rather you must take into consideration all of the surrounding circumstances under which he performed his duties, plus his experience, background and knowledge of the machine in question in testing his actions on contributory negligence."

We do not find prejudicial error in the trial court's refusal to give this argumentative discussion of the subject involved. L. A. Wood & Co. v. Taylor, 154 F.2d 548, 549 (C.A.5, 1946); 53 Am.Jur. "Trial" 552.

■ 2) *Overemphasis of defendant's case.* Plaintiff says that the court erred by too frequent statements to the jury of the circumstances under which they should return a verdict for the defendant. As conclusions to his discussions of the several issues involved, the district judge told the jury that a verdict should be returned for the defendant upon their finding any of the following: that the proofs failed to establish any element of plaintiff's case; that defendant was not negligent; that negligence of defendant was not the proximate cause of plaintiff's injuries; or that plaintiff's own negligence contributed to his injuries. We find no error or impropriety in such advice to the jury. After their deliberations had been in progress, the jury asked to have some of the court's instructions repeated. The court did so, with some repetition of the circumstances in which a verdict should be for defendant. There was a numerical imbalance between the times when the court told the jury of the findings which would call for a defendant's verdict and those which would entitle the plaintiff to recover. We recognize that undue repetition or emphasis of the position or burden of one of the litigants can call for the granting of a new trial—Buchel v. Williams, 273 Mich. 132, 262 N.W. 759; Bowmaster v.

William H. DePree Company, 252 Mich. 505, 233 N.W. 395. However, unless such conduct indicates that prejudice was thereby visited upon a litigant, it will not call for reversal. Dempsey v. Heise, 250 F.2d 852 (C.A.6, 1958); Hayes v. Coleman, 338 Mich. 371, 376, 61 N.W.2d 634; Cook v. Vineyard, 291 Mich. 375, 382, 289 N.W. 181; Hanna v. McClave, 273 Mich. 571, 573, 263 N.W. 742. The district judge's charge admonished the jury, "You are not to single out any one instruction that I give you alone, as stating the law, but you must consider the instructions as a whole." He advised the jury of their exclusive prerogative, that they were the sole judges of the facts and "the weight and effect of all evidence." We find no prejudicial error because of any repetitions in the district judge's instructions. We find no merit in other criticism of the court's charge.

The judgment of the district court is affirmed.